(No. 59795.—

WANDA FERGUSON, Appellant, v. RIVERSIDE MED-
ICAL CENTER *et al.*, Appellees.

*Opinion filed June 5, 1985.—Modified on denial
of rehearing February 6, 1986.*

WARD, RYAN and SIMON, JJ., took no part.

Ambrose & Cushing, P.C., of Chicago (John C. Ambrose, of counsel), for appellant.

Ackman, Marek, Boyd & Simutis, Ltd, of Kankakee

(Robert W. Boyd and Richard L. Ackman, of counsel), for appellee Lewis Ehrlich.

Dunn, Hayes & Condon, of Morris (Eugene W. Hayes and Bradley W. Hayes, of counsel), for appellee Donald Parkhurst.

JUSTICE MILLER delivered the opinion of the court:

The plaintiff, Wanda Ferguson, brought this action in the circuit court of Kankakee County alleging medical malpractice. The trial judge granted defendant Riverside Medical Center summary judgment and later granted the motions of defendants Lewis Ehrlich, M.D., and Donald Parkhurst, M.D., to dismiss the complaint with prejudice; the remaining defendant, D. Sutton, M.D., apparently was not served with a summons and did not appear. The appellate court affirmed the dismissals of the action against Ehrlich and Parkhurst (120 Ill. App. 3d 1170 (order under Supreme Court Rule 23 (87 Ill. 2d R. 23))), and we allowed the plaintiff's petition for leave to appeal (94 Ill. 2d R. 315(a)).

The plaintiff commenced this action on November 10, 1981. In a single-count complaint she alleged that in June 1972, while she was a patient at Riverside Medical Center under Dr. Ehrlich's care, Dr. Parkhurst and Dr. Sutton took X rays of her kidneys but failed to diagnose tuberculosis in her right kidney. The plaintiff alleged further that Dr. Ehrlich continued to treat her for some time following the hospital stay and that during that time he failed to advise her of her ailment. According to the complaint, the plaintiff became aware of the tubercular condition in her kidney on November 11, 1979, when it was diagnosed by another doctor.

Defendant Riverside Medical Center moved for summary judgment, contending that none of the individual

defendants were its employees. A formal order was entered June 2, 1982, granting this motion. The plaintiff did not attempt to appeal that decision, and its propriety is not questioned here.

Defendants Ehrlich and Parkhurst filed separate motions to dismiss the complaint as untimely. They both relied on the repose period provided by section 21.1 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 22.1), which required that actions against physicians or hospitals concerning medical treatment be brought within "4 years after the date'on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." That provision has since been recodified as section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). Ehrlich and Parkhurst argued that the plaintiff's action was barred because it was filed more than four years after the occurrence.

A memorandum of opinion was filed February 3, 1983, granting Parkhurst's dismissal motion. The memorandum concluded, "The attorney for Defendant Parkhurst is to prepare a formal order." On February 17, 1983, before a formal order was filed, the plaintiff filed a notice of appeal from "the final order and memorandum of Opinion entered February 3, 1983, which dismissed this cause against Defendant DONALD PARKHURST, M.D., ***." The plaintiff did not attempt later to amend her notice of appeal or to file another one in its place. The formal order granting defendant Parkhurst's motion was filed March 29, 1983. It concluded, "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the cause of Wanda Ferguson v. Donald Parkhurst, M.D. is dismissed with prejudice." It was not appealable, however, for it lacked the finding required by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) for an immediate appeal of an order disposing of fewer than all

the parties or claims in an action.

Defendant Ehrlich's separate motion to dismiss was granted later; the ruling on it is reflected in a docket entry for April 12, 1983. The docket entry did not indicate that a formal order was to follow, but one was filed April 22, 1983. Unlike the formal order granting Parkhurst's motion, the formal order granting Ehrlich's motion contained a finding under Supreme Court Rule 304(a) making the judgment appealable, and on May 4, 1983, the plaintiff perfected a timely appeal of that order. The notice of appeal said that it was "from the final order entered on April 22, 1983, which dismissed this cause against LOUIS EHRLICH, M.D. because the Court felt it was not filed within the alleged statute of limitations." The notice of appeal also said, "By this appeal, the Plaintiff, WANDA FERGUSON, will ask the Appellate Court to reverse the order entered against her on April 22, 1983, and enter an order remanding this cause for Trial ***." The notice of appeal did not refer to the earlier order granting defendant Parkhurst's dismissal motion.

Although the defendants have not questioned the steps taken here by the plaintiff to perfect an appeal, we may properly do so. In *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, this court rejected the argument that the appellate court had erred in examining, on its own motion, the timeliness of the notice of appeal and said, "[A] reviewing court has a duty to consider its jurisdiction and to dismiss the appeal if it determines that jurisdiction is wanting. *Berber v. Hass* (1964), 30 Ill. 2d 263, 266; *Guttman v. Schiller* (1961), 23 Ill. 2d 323, 325; *Uptown National Bank v. Puris* (1959), 17 Ill. 2d 547, 548."

It is clear that the plaintiff perfected an appeal only of the order granting defendant Ehrlich's dismissal motion. The February notice of appeal from the order

granting defendant Parkhurst's dismissal motion was premature. Supreme Court Rule 272 (87 Ill. 2d R. 272), regarding the entry of final judgments, provides:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record."

In the time between the announcement of judgment and the entry of the formal order contemplated, the judgment cannot be "attacked by motion, appealed from, or enforced. [Citations.]" *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 538-39.

The plaintiff filed her notice of appeal after the entry of the memorandum of opinion granting defendant Parkhurst's dismissal motion but before the entry of the formal order contemplated by the memorandum opinion. In *Stoermer v. Edgar* (1984), 104 Ill. 2d 287, the court held that filing a notice of appeal prematurely, before the entry of the formal order, does not confer jurisdiction on the appellate court. In *Stoermer* a written order announcing the trial judge's decision was entered, and it indicated that a formal order was to follow. A notice of appeal was filed next, and the formal order was entered one day after that. No attempt was made to amend the notice of appeal. The appellate court concluded that it did not have jurisdiction over the cause and dismissed the appeal, and this court affirmed that decision.

Moreover, we note that the formal order that was eventually entered granting Parkhurst's motion was not appealable, for it disposed of fewer than all the parties or claims yet lacked a finding by the trial judge that

there was no just reason to delay its enforcement or appeal. Without that finding, "any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (87 Ill. 2d. R. 304(a).) See *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174.

The timely appeal of the order granting defendant Ehrlich's dismissal motion did not operate as an appeal of the earlier ruling on defendant Parkhurst's motion. Supreme Court Rule 303(c)(2) (94 Ill. 2d R. 303(c)(2)) requires that a notice of appeal "specify the judgment or part thereof appealed from and the relief sought from the reviewing court." The notice of appeal filed by the plaintiff on May 4, 1983, which purported to appeal only the order granting defendant Ehrlich's dismissal motion and requested relief only with respect to that ruling, did not bring up for review the separate, earlier ruling on defendant Parkhurst's dismissal motion. *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 177-78; *Illinois Central Gulf R.R. Co. v. Sankey Brothers, Inc.* (1979), 78 Ill. 2d 56, 61; *cf. Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 436 (earlier decree that was "a preliminary determination necessary to the ultimate relief sought by the plaintiff" was sufficiently related to the eventual judgment entered in the case as to be within the scope of a notice of appeal that specified an appeal only from the later order).

With respect to the plaintiff's action against defendant Ehrlich, we hold that it was barred by the four-year period of repose governing actions against physicians for medical treatment. According to the allegations in the complaint, the act or omission on which the action is based, the failure to diagnose the plaintiff's tubercular kidney, occurred in June 1972, and the plaintiff discov-

ered her injury on November 11, 1979. When the complaint was filed, on November 10, 1981, section 21.1 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 22.1) permitted actions such as this to be brought within two years of the discovery of the injury but not more than four years after the occurrence giving rise to the injury; the four-year repose provision took effect in September 1976. Relying on *Moore v. Jackson Park Hospital* (1983), 95 Ill. 2d 223, the plaintiff argues that following the effective date of the repose provision she was entitled to a reasonable period of time in which to commence her action. Ignoring the four-year repose period, the plaintiff would allow herself two years from her discovery of the injury as a reasonable time for bringing suit. Unlike any of the cases consolidated in *Moore,* however, the action here was commenced more than four years after the effective date of the repose provision, and we have held that that provision operates to bar actions that are based on acts or omissions occurring more than four years before its effective date but that are filed more than four years after its effective date. (*Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416.) Although the complaint alleges that Dr. Ehrlich continued to treat the plaintiff for some time following the failure in 1972 to diagnose her condition, she does not contend that a time of occurrence other than June 1972 should apply with respect to her action against him. Therefore, the action against defendant Ehrlich was untimely, and we note that the plaintiff's action against defendant Parkhurst similarly would be barred.

That part of the judgment of the appellate court affirming the circuit court's order that granted defendant Ehrlich's motion to dismiss the complaint is affirmed. That part of the judgment of the appellate court affirming the circuit court's order that granted defendant Parkhurst's motion to dismiss the complaint is vacated,

and the appeal from that order is dismissed.

*Affirmed in part and vacated in part; appeal dismissed in part.*

WARD, RYAN, and SIMON, JJ., took no part in the consideration or decision of this case.