BRIAN A. HAMER, Plaintiff-Appellant, v. NORMAN E. LENTZ, Administrative Secretary, General Assembly Retirement System, *et al.*, Defendants-Appellees.

First District (5th Division)   No. 86—584

Opinion filed April 24, 1987.

Brian A. Hamer, of Chicago, for appellant, *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Jill A. Deutsch, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE MURRAY delivered the opinion of the court:

Plaintiff Brian Hamer appeals from an order of the circuit court of Cook County entered in a declaratory judgment proceeding granting him some but not all the relief he sought under the Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1985, ch. 116, par. 201 *et seq.*).

The pertinent facts are as follows. Approximately one year before the filing of his declaratory judgment action, plaintiff requested access to certain records in the possession of the defendants Norman Lentz, the administrative secretary of the General Assembly Retirement System (the retirement system), and the Board of Trustees. After a number of letters between the parties failed to secure plaintiff's access to the records, he filed a declaratory judgment action on August 15, 1985, seeking the identity of all former members of the General Assembly who currently receive pension payments under the retirement system; the annual pension received by each former member of the General Assembly during the most recent fiscal year; the salary received by each former member of the General Assembly immediately prior to retirement, the date of retirement from the General Assembly, and the length of service in the General Assembly; and the cumulative pension received by each former member of the General

Assembly from the date of retirement to the most recent practicable date.

On February 26, 1986, the trial court entered an order supplementing a February 3, 1986, order granting plaintiff's motion for summary judgment. The latter order, drafted by defendants, provided that defendants produce the most recent monthly computer printout setting forth the identity of persons receiving pension benefits through the retirement system, as well as the monthly benefit payable to each such person. The order further stated that defendants were to disclose "a document" setting forth the retirement date for each such person receiving pension benefits. Compliance with the court's order was required by March 19, 1986. Finally, the court stated that its order was "a final and appealable order."

As a result of the trial court's refusal to grant plaintiff's request for information concerning the cumulative pension of former members from the date of their retirement to the present and the names of all such legislators, as well as the length of time of service upon which their pensions are based, on March 5, 1986, plaintiff filed a notice of appeal in this court. On appeal, plaintiff contends that: (1) the records still at issue are not exempted from disclosure under the FOIA; (2) no fiduciary duty prevents defendants from complying with the disclosure requirements of the FOIA; (3) the trial court abused its discretion in failing to require partial disclosure within seven working days of entry of its order; (4) defendants should be strongly reprimanded for their failure to comply with the FOIA; and (5) this case should be remanded to the trial court for the purpose of determining attorney fees pursuant to the FOIA.

Defendants initially argue that this court lacks jurisdiction to entertain plaintiff's appeal. Specifically, defendants allege that the order appealed from "neither resolves the issue of attorney's fees nor contains a 304(a) special finding necessary to make the remaining issues appealable" and, accordingly, the appeal should be dismissed.

■ Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)) requires that where multiple parties or multiple claims for relief are involved in an action, no appeal may be taken from a final judgment as to one or more but fewer than all the parties or claims *unless the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal.* "In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the

parties." (87 Ill. 2d R. 304(a); see *Ferguson v. Riverside Medical Center* (1986), 111 Ill. 2d 436, 490 N.E.2d 1252.) The purpose of Rule 304(a) is "to discourage piecemeal appeals in the absence of just reason, and to remove the uncertainty which exists when a final judgment is entered on less than all the matters in the controversy." *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 884, 409 N.E.2d 447; *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 416.

■ In the instant case, Rule 304(a) is applicable because all claims have not been adjudicated; the issue of attorney fees was not ruled upon and is still pending in the trial court. (See *Hernandez v. Fahner* (1985), 135 Ill. App. 3d 372, 481 N.E.2d 1004; *In re Marriage of Janetzke* (1981), 97 Ill. App. 3d 418, 422 N.E.2d 914 (under Rule 304(a), the issue of attorney fees is a "claim," rather than an incidental issue).) Accordingly, this court has jurisdiction of the instant appeal only if the trial court's order contains an express written finding that there is no just reason to delay enforcement or appeal.

■ As discussed above, the order here states that "This is a final and appealable order." Plaintiff argues that this language "comes close" to the Rule 304(a) finding, apparently equating the word "final," and the trial court's "intention" to make the order "final" to expedite his FOIA action, with the word "enforceable." We do not agree with plaintiff's construction of this language. As we stated in *E.M.S. Co. v. Brandt* (1968), 103 Ill. App. 2d 445, 448, 243 N.E.2d 695, the absence of a Rule 304 finding in a judgment—for whatever reason—leaves the judgment final but unenforceable and unappealable. Additionally, as we observed in *Rauscher v. Albert* (1985), 138 Ill. App. 3d 799, 803, 485 N.E.2d 1362, a Rule 304(a) finding is a two-pronged determination, requiring an express written finding of both enforceability and appealability, and it is not the trial court's finding that renders a judgment final; rather, the trial court renders a final judgment enforceable and a final judgment appealable. Clearly, therefore, the word "final" is not the equivalent of "enforceable" under Rule 304(a). Moreover, to hold that the inclusion of the word "final" in an order makes that order final would defeat the purpose of the rule to prevent piecemeal appeals and the uncertainty which exists when a final judgment is entered on less than all the matters in controversy. Accordingly, since the order appealed from in the instant case lacks the express enforcement language required by Rule 304(a), plaintiff's appeal must be dismissed.

In light of the above disposition, we do not address the remaining issues raised by plaintiff. We briefly note, however, that should this

cause be appealed a second time to this court, the parties, upon submission of a proper motion, may incorporate their briefs filed herein on the second appeal and make any additional supplements to the record.

For the foregoing reasons, therefore, the instant appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

SULLIVAN, P.J., and LORENZ, J., concur.