CUDAHY, Circuit Judge.
 

 On June 15, 1984, the Bank of Carlock (“Carlock”) obtained a judgment by confession against Dan L. Wey in the Circuit Court of McLean County, Illinois in the amount of $117,509.49 plus costs of the suit. The court reserved the issue of attorney’s fees and retained jurisdiction in order to address that issue. The judgment order read as follows:
 

 Judgment is hereby entered, with award of execution, for the Plaintiff, BANK OF CARLOCK, an Illinois Banking Corporation, and against the Defendant, DAN L. WEY, for the sum of $117,-509.49 plus costs of suit, and let it appear in such judgment that the issue of attorney’s fees due plaintiff is reserved and the court retains jurisdiction hereof for the purpose of determining such fees.
 

 Based on this judgment, Carlock caused a garnishment summons and garnishment interrogatories to be served upon American State Bank, a bank in which Wey had funds on deposit. This garnishment summons, upon its service, became a lien pursuant to Ill.Rev.Stat. ch. 110, ¶ 12-707 (1985). American State Bank entered a general appearance admitting that funds were on deposit in Wey’s accounts and did not in any way attack the enforceability of the judgment in favor of Carlock.
 
 See
 
 Carlock’s Motion for Summary Judgment in bankruptcy court, Exhibit G. Wey, through his attorney, filed a response to Carlock’s motion in which he, too, failed to object to the enforceability of the judgment; in fact, Wey acknowledged that he had no defense to either his indebtedness to Carlock or the judgment against him secured by Carlock.
 
 See id.,
 
 Exhibit F.
 

 The garnished accounts were never turned over to Carlock. Wey was subsequently adjudicated a debtor pursuant to 11 U.S.C.A. §§ 701-766 (West 1979 & Supp. 1987), after an involuntary petition in bankruptcy was filed against him on October 29, 1984. The state court proceedings initiated by Carlock were therefore stayed, pursuant to 11 U.S.C.A. § 362 (West 1979 & Supp. 1987), as of the October 29 filing.
 

 The trustee in bankruptcy of Wey’s estate brought the present suit attacking the garnishment lien obtained by Carlock and requesting that the funds be declared property of the estate. The trustee argues that the judgment upon which the garnishment summons and resulting lien were based was not final and thus was not enforceable. According to the trustee, because the court reserved the question of attorney’s fees, the judgment lacked the finality required for enforceability by Illinois Supreme Court Rule 304(a). Ill.Rev.Stat. ch. 110A, § 304(a) (1985) (“Rule 304(a)”). Rule 304(a) provides as follows:
 

 (a) Judgments As to Fewer Than All Parties or Claims — Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason
 
 *142
 
 for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court’s own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or ap-pealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.
 

 The bankruptcy court agreed with the trustee and granted the trustee’s motion for summary judgment. Case No. 384-01536, Adv. No. 384-0335 (Bankr.C.D.Ill. Aug. 28,1985). The bankruptcy court first noted that the trustee and Carlock agreed that there were no genuine issues of material fact. (Similarly, the facts on appeal are not disputed.) The bankruptcy court then found that the analysis in
 
 General Telephone Co. v. Robinson,
 
 545 F.Supp. 788 (C.D.Ill.1982), was controlling. In
 
 Robinson,
 
 the district court held that, under Rule 304(a), where the trial judge reserved the issue of attorney’s fees, the creditor “did not obtain a final judgment upon which execution could issue.” 545 F.Supp. at 792. On appeal, the district court reversed the bankruptcy court’s judgment and found that the judgment was enforceable. 66 B.R. 638 (C.D.Ill.1986). The court cited for support “[t]he obvious intent of the trial judge in awarding execution, coupled with the nature of garnishment proceedings and the incidental character of the fee issue.”
 
 Id.
 
 at 642.
 

 We do not reach the trustee’s argument that the state court’s judgment was unenforceable under Rule 304(a) and that therefore the garnishment lien was invalid. We agree with Carlock that, because Wey and American State Bank waived Rule 304(a) as a defense to the creation of Carlock’s judgment lien, the trustee may not raise that defense to disturb Carlock’s prior perfected status.
 

 Carlock argues that both Wey and American State Bank waived the question of finality and enforceability of the judgment under Rule 304(a) by recognition and acquiescence following service of the garnishment summons. Although they had standing and the opportunity to raise this issue, “both . . . acquiesced in the garnishment by filing pleadings after service of the garnishment summons which recognized Car-lock’s judgment as final and enforceable, thereby waiving both the Rule 304(a) argument and the finality argument.” Appel-lee’s Brief at 7. The trustee does not dispute Carlock’s contention that Wey and American State Bank waived the defense in question. Rather, he argues that because of his status as trustee he is not bound by that waiver.
 

 Several provisions of the Bankruptcy Code (the “Code”) afford a trustee the power to avoid a judicial lien under specified circumstances. Section 547 provides for avoidance of a judicial lien created within the ninety days prior to the date of the bankruptcy filing. 11 U.S.C.A. § 547 (West 1979
 
 &
 
 Supp.1987). Section 558 allows the trustee to raise any defense available to the debtor against any entity, and provides that “[a] waiver of any such defense by the debtor
 
 after the commencement
 
 of the case does not bind the estate.” 11 U.S.C. § 558 (Supp. III 1985) (emphasis added).
 
 Collier on Bankruptcy
 
 points out, “[t]he trustee, however, is bound by any waiver of a defense made by the debt- or
 
 before
 
 the filing of the petition in bankruptcy.” W.M. Collier,
 
 Collier on Bankruptcy
 
 11558.01, at 558-5 (15th ed. 1987) (emphasis added). The trustee does not contest that he fails to meet the requirements under either section 547 or section 558 for the avoidance of the judicial lien.
 

 Rather, the trustee relies on section 544(a)(1) of the Code for his asserted power to contest the enforceability of the judgment upon which the bank bases the garnishment lien. This provision, known as “the strong arm clause,” states:
 

 (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers
 
 *143
 
 of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
 

 (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a single contract could have obtained a judicial lien, whether or not such a creditor exists[.]
 

 11 U.S.C.A. § 544(a)(1) (West Supp.1987). The trustee correctly points out that this provision gives the trustee the status of a hypothetical judicial lien creditor from the date of the filing of the bankruptcy petition. The trustee is also correct that He, standing in the shoes of a lien creditor, can attempt to show that a creditor’s prior lien was not perfected. He could challenge a creditor’s claimed perfected status by showing, for example, that notice or rec-ordation requirements for perfection had not been satisfied by that creditor.
 

 In the present case, however, even if the trustee could establish that the finality requirements of Rule 304(a) were not met, Carlock would retain its status as a prior perfected lien creditor. This is true because the requirements of Rule 304(a) are merely procedural and not jurisdictional; they can be, and in this case have been, waived. The Illinois Supreme Court has stated: “Rule 304(a) does not present a jurisdictional requirement in the sense that it cannot be waived_ We would therefore be justified in declining to consider the issue of whether the custody order was final and appealable.”
 
 In re Marriage of Leopando,
 
 96 Ill.2d 114, 117, 70 Ill.Dec. 263, 265, 449 N.E.2d 137, 139 (1983). Thus, Oarlock’s lien was perfected at the time the garnishment summons was served, which was more than ninety days before the filing of Wey’s bankruptcy petition. We therefore affirm the judgment of the district court and remand this case to the bankruptcy court for further proceedings consistent with this opinion.
 

 Affirmed and Remanded.