591 N.E.2d 933 (1992)
228 Ill. App.3d 315
169 Ill.Dec. 429
In re J.E., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
J.E., Respondent-Appellant).
No. 2-90-0225.
Appellate Court of Illinois, Second District.
April 30, 1992.
*934 G. Joseph Weller, Deputy Defender, Manuel S. Serritos, Anne S. Quincy, Office of the State Appellate Defender, Elgin, Mark F. Aiello, Trial Counsel, for J.E.
Paul A. Logli, Winnebago County State's Atty., Rockford, William L. Browers, Deputy Director, Marshall M. Stevens, State's Attorney Appellate Prosecutor, Elgin, for the People.
Justice UNVERZAGT delivered the opinion of the court:
Respondent, J.E., appeals from the January 2, 1990, order of the circuit court adjudicating her a delinquent minor and from all subsequent dispositional orders, including the order of February 26, 1990, which revoked her probation and committed her to the Department of Corrections for an indeterminate term. Respondent's mother was not notified of the initial adjudicatory and dispositional hearings of January 2. At those hearings, respondent admitted the allegations in the State's supplemental petition filed instanter when respondent appeared in court that day for a hearing on a rule to show cause in another matter. The petition alleged that respondent had committed armed robbery while armed with a baseball bat. Ill.Rev.Stat.1989, ch. 38, par. 18-2(a).
Because of the failure to notify her parents in advance of the adjudicatory and dispositional hearings held that day, respondent argues that the trial court was without jurisdiction and its subsequent orders were void. We agree that jurisdiction was lacking and therefore vacate the adjudicatory and dispositional orders of the court.
At the time of the proceedings, the respondent minor was a ward of the court. She had completed a prior probation on August 2, 1989, but was a dependent minor under the guardianship and custody of the Winnebago County juvenile probation department. J.E. was served with the petition in open court on January 2, 1990. Neither of her parents named in the petition appeared nor had they been served notice of the proceedings, although the mother's and the stepfather's addresses were listed on the petition. The natural father's address was listed as unknown. J.E. had come into the juvenile court system two years before when her mother, Diane, entered a nursing home in Rockford, Illinois. Inexplicably, after initiating the adjudicatory proceeding on January 2, the State requested and was granted leave to publish notice to the minor's natural father, Robert; the court also ordered summons to issue to the minor's mother.
At the January 2 hearing, pursuant to negotiations with the State, the minor, who was represented by counsel, admitted the allegations in the petition regarding the armed robbery. She was then adjudicated *935 a delinquent, and a dispositional hearing followed immediately thereafter. The minor was placed on probation for two years, was given 20 days' detention with credit for time served, and was ordered to be placed in the First Light Group Home the next day (January 3, 1990). The matter was set for review on February 7, 1990, regarding the publication notice to the father and the service to the mother.
On January 4, 1990, the State filed a petition to revoke the minor's probation, alleging that she had run away from her court-ordered placement on January 3. Notice of the February 7 hearing was personally served on the mother on January 10, 1990. Beginning on January 31, notice to the natural father of the February 7 hearing was published in a Rockford newspaper.
At the February 7 hearing, the mother was defaulted, and the trial court heard testimony regarding the petition to revoke probation. The court found that the minor had left her court-ordered placement without permission and revoked her probation. On February 26, 1990, the court committed the minor to the Department of Corrections for an indefinite term. Respondent filed a notice of appeal on February 27, 1990.
The minor respondent argues on appeal that, because the summary adjudication and disposition on January 2 were conducted without proper service of process on her parents, the adjudicatory order and all subsequent orders stemming from that order should be held void for want of jurisdiction. The State argues that respondent's appeal is untimely because it was taken more than 30 days after the order of January 2; that the failure to give notice of the hearing did not deprive the trial court of jurisdiction; and that the orders were not void. The State's position is incorrect.
It is true that, where no direct appeal has been taken from the original order of probation and the time for appeal has expired, a court will be later precluded from collaterally reviewing the propriety of the initial order in an appeal from the revocation of that probation; however, if the order is void, it may be attacked at any time. (In re T.E. (1981), 85 Ill.2d 326, 335, 53 Ill.Dec. 241, 423 N.E.2d 910.) It is well established that a judgment or order entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void and may be attacked at any time or in any court, either directly or collaterally. (City of Chicago v. Fair Employment Practices Comm'n (1976), 65 Ill.2d 108, 112, 2 Ill.Dec. 711, 357 N.E.2d 1154.) Therefore, the timeliness of this appeal is not at issue, since respondent argues that the trial court lacked jurisdiction to enter the final order based on prior void orders. (See People v. Meyerowitz (1975), 61 Ill.2d 200, 206, 335 N.E.2d 1; People v. Cooper (1988), 177 Ill.App.3d 942, 946, 127 Ill.Dec. 193, 532 N.E.2d 1022.) Thus, where an order imposing probation upon a juvenile is void because the trial court lacked the statutory authority to enter the order, any subsequent order revoking probation is likewise void. (In re T.E., 85 Ill.2d at 336, 53 Ill. Dec. 241, 423 N.E.2d 910; see also People v. McCarty (1983), 94 Ill.2d 28, 40, 67 Ill. Dec. 818, 445 N.E.2d 298.) This is the situation in the case at bar.
In People v. R.S. (1984), 104 Ill.2d 1, 83 Ill.Dec. 339, 470 N.E.2d 297, the supreme court held that the failure to give statutory notice of a hearing to the noncustodial mother, whose name and address were known to the State, voided the order of adjudication and all subsequent orders, including the order committing the minor to the Department of Corrections. The court stated that noncompliance with the statutory notice provisions constituted a due process violation of the rights of the parent and the child. The lack of notice failed to invoke the trial court's jurisdiction and rendered subsequent orders void. The R.S. court cited People v. R.D.S. (1983), 94 Ill.2d 77, 83, 67 Ill.Dec. 813, 445 N.E.2d 293, which stated that a pleading that does not name and notify a necessary respondent in a juvenile proceeding fails to invoke the jurisdiction of the court and thereby renders its orders void.
*936 Recent appellate court decisions have subsequently followed the rule of R.S. that failure of service upon a parent whose address is known results in the court's lack of jurisdiction and renders the court's orders void. (See In re E.D. Mc. (2d Dist.1991), 220 Ill.App.3d 1093, 163 Ill.Dec. 646, 581 N.E.2d 800; In re J.K. (2d Dist.1989), 191 Ill.App.3d 415, 138 Ill.Dec. 655, 547 N.E.2d 1276; People v. D.J. (1st Dist.1988), 175 Ill.App.3d 491, 124 Ill.Dec. 931, 529 N.E.2d 1048; In re T.M.F. (4th Dist.1987), 155 Ill.App.3d 1026, 108 Ill.Dec. 583, 508 N.E.2d 1160; cf. In re S.L.S. (4th Dist. 1989), 181 Ill.App.3d 453, 130 Ill.Dec. 144, 536 N.E.2d 1355 (acknowledged the rule of R.S. that service upon a parent determines subject matter jurisdiction, but court appears to hold that failure of service was at least reversible error when father appeared only at dispositional hearing).) The State should by now be well aware that the failure of notice under these circumstances will result in a lack of jurisdiction and the entry of void orders.
Here, neither the mother nor the father was notified of the January 2 proceeding, but attempts to notify the parents were made after the adjudication and disposition of January 2. The adjudicatory and dispositional orders issued on January 2, 1990, are void for lack of jurisdiction. The subsequent order of adjudication of February 7, 1990, finding respondent in violation of probation and the dispositional order of February 26, 1990, revoking probation and committing respondent to the Department of Corrections are also void. These orders are hereby vacated.
Orders vacated.
WOODWARD and McLAREN, JJ., concur.