BANK OF MATTESON, Plaintiff-Appellee, v. PATRICE BROWN *et al.*, d/b/a CWOM Publications, *et al.*, Defendants (Beverly Bank, Citation Respondent-Appellant).

First District (6th Division)   No. 1—95—3784

Opinion filed September 6, 1996.

Mark S. Simon, of Chicago, for appellant.

William J. Bryan, of Homewood, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Bank of Matteson (Matteson), brought suit against defendants, Patrice and Rufus Brown, d/b/a CWOM Publications, Love Cathedral Community Church (Love Cathedral), and Claude Timmons. Following the entry of a default judgment against all defendants except Timmons, plaintiff commenced two supplementary proceedings against citation-respondent, Beverly Bank (Beverly), with respect to the assets of Love Cathedral. Beverly thereafter moved to vacate a turnover order entered against it in the first supplementary proceeding and moved to quash the second proceeding. Beverly argued that the underlying judgment was entered against fewer than all defendants and was not enforceable in the absence of a special finding under Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). The trial court denied these motions. Beverly appeals.

Matteson filed its three-count verified complaint on October 5, 1994. Count I alleged the breach of a promissory note by defendants Patrice and Rufus Brown, d/b/a CWOM Publications. Count II alleged that CWOM presented to Matteson a dishonored negotiable instrument signed by Timmons and drawn on an account of Love Cathedral. Count III alleged that all defendants were unjustly enriched as a result of their actions.

The Browns and Love Cathedral were served with the verified complaint. As a result of their failure to appear or answer, a default judgment was entered against them. The trial court's order, dated December 12, 1994, stated:

> "After hearing the evidence, the court finds for plaintiff Bank of Matteson and against defendants Patrice Brown, Rufus D. Brown, CWOM Publications, and Love Cathedral Community Church and assesses damages of $5067.88 plus fees of $1,000.
>
> It is ordered that plaintiff recover from defendant [sic] $6,067.88 and costs of suit."

Also on December 12, 1994, the trial court appointed a special process server to serve Timmons. Timmons subsequently filed an appearance and a motion to dismiss under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)). (As of the time the record on appeal was filed, that motion remained pending in the trial court.)

On December 14, 1994, Matteson initiated supplementary proceedings to enforce the default judgment of December 12, 1994. Matteson filed a citation to discover assets against Beverly in connection with the property interests of Love Cathedral. Beverly's response indicated that it held the sum of $1,084.84 belonging to Love Cathedral. On January 12, 1995, the trial court entered a turnover

order requiring Beverly to deliver those funds to Matteson. A satisfaction and release of the judgment was filed on February 7, 1995.

In June 1995, Matteson obtained leave of court to issue a second citation to Beverly with respect to the assets of Love Cathedral. The citation had a scheduled return date of July 13, 1995. Beverly did not appear on July 13, resulting in the trial court's entry of a conditional judgment in the amount of $5,681.26 against Beverly. On July 24, 1995, Beverly was served with a summons to confirm conditional judgment. Beverly thereafter filed its appearance and moved to quash the second citation and the summons to confirm conditional judgment. Beverly also moved to vacate the turnover order entered against it in the first supplementary proceeding. In support of both of these motions, Beverly argued that the underlying default judgment against Love Cathedral was not yet enforceable where it was entered against fewer than all defendants and the order lacked a finding that there was no just reason for delaying either enforcement or appeal or both under Supreme Rule 304(a). The trial court denied both of these motions on October 18, 1995.

On appeal, Beverly contends that the trial court erred in allowing Matteson to enforce the default judgment of December 12, 1994, in the absence of a special finding of enforceability under Rule 304(a).

■ Section 2—1402 of the Code of Civil Procedure (735 ILCS 5/2—1402 (West 1994)) provides the method by which a judgment creditor may begin supplementary proceedings against a third party who is thought to be in possession of assets belonging to a judgment debtor. *Bank of Aspen v. Fox Cartage, Inc.*, 126 Ill. 2d 307, 533 N.E.2d 1080 (1989). Supreme Court Rule 277 prescribes the procedures by which this section is implemented. *Bank of Aspen*, 126 Ill. 2d at 313, 533 N.E.2d at 1083. Paragraph (a) of Rule 277 states that "[a] supplementary proceeding authorized by section 2—1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement." 134 Ill. 2d R. 277(a). Section 2—1402 proceedings are unavailable to creditors until after judgment capable of enforcement has first been entered in their favor. *State Bank v. A Way, Inc.*, 135 Ill. App. 3d 1010, 482 N.E.2d 620 (1985), *aff'd*, 115 Ill. 2d 401, 504 N.E.2d 737 (1987).

■ Supreme Court Rule 304 concerns judgments as to fewer than all parties or claims in an action. Paragraph (a) of Rule 304 mandates that "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." 155 Ill. 2d R. 304(a).

Rule 304(a) further states that "[i]n the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 155 Ill. 2d R. 304(a). Reviewing courts in Illinois have consistently dismissed appeals from orders that disposed of fewer than all the parties or claims yet lacked a finding that there was no just reason to delay enforcement or appeal. See *Ferguson v. Riverside Medical Center*, 111 Ill. 2d 436, 490 N.E.2d 1252 (1985); *Pettie v. Williams Brothers Construction, Inc.*, 216 Ill. App. 3d 801, 576 N.E.2d 424 (1991); *Hamer v. Lentz*, 155 Ill. App. 3d 692, 508 N.E.2d 324 (1987). "[T]he absence of a Rule 304 finding in a judgment—for whatever reason—leaves the judgment final but unenforceable and unappealable." *Hamer*, 155 Ill. App. 3d at 695, 508 N.E.2d at 326.

■ What follows from these principles, Beverly argues, is that the default judgment in the present case was unenforceable. We find this argument persuasive. Rule 304(a) explicitly states that in the absence of such a finding by the trial court, a judgment as to fewer than all parties or claims involved "is not enforceable." 155 Ill. 2d R. 304(a). Rule 277(a) explicitly states that a supplementary proceeding may only be commenced with respect to a "judgment which is subject to enforcement." 134 Ill. 2d R. 277(a). The default judgment here neither resolved the claims against Timmons nor contained a special finding under Rule 304(a). Shortly after the entry of the judgment, however, Matteson commenced supplementary proceedings. As a result, Beverly was ordered to turn over assets belonging to Love Cathedral at the same time a motion to dismiss by Timmons, the pastor of Love Cathedral, was pending. Yet, if the Browns or Love Cathedral had attempted to appeal the default judgment entered against them, this court would have been required to dismiss the appeal on the basis that Matteson's claims against Timmons remained pending and the trial court's order contained no Rule 304(a) finding. Under our reading of the relevant authority, the judgment order was likewise not capable of enforcement. Accordingly, the default judgment adjudicating "fewer than all the claims or the rights and liabilities of fewer than all the parties" without an "express finding that there was no just reason for delaying either enforcement or appeal or both" was not one upon which supplementary proceedings should have commenced. 155 Ill. 2d R. 304(a); see also *Cochran v. Howell*, 46 Ill. App. 2d 304, 197 N.E.2d 87 (1964) (abstract of opinion).

Matteson argues, however, that even if the judgment of December 12, 1994, was unenforceable, the trial court must be affirmed for sev-

eral reasons. Matteson argues that Beverly's appeal as to the turnover order of January 12, 1995, was not timely; that Beverly waived any argument as to the enforceability of the December 12, 1994, judgment; that Beverly should be denied relief because of its lack of due diligence; that Beverly should be denied relief because it failed to appear or respond to the second citation; and that Beverly lacks standing to attack the December 12, 1994, judgment order.

Initially, we turn to Matteson's argument that Beverly waived any argument as to the enforceability of the default judgment. In making this argument, Matteson relies on *In re Marriage of Leopando*, 96 Ill. 2d 114, 449 N.E.2d 137 (1983), and *In re Wey*, 827 F.2d 140 (7th Cir. 1987). In *Leopando*, the issue before the supreme court was whether a child custody order was final and appealable under Rule 304(a) where the trial court's order stated that there was no just reason for delaying enforcement or appeal of the order. The supreme court held that a custody dispute in a marriage dissolution proceeding is "not a separate 'claim' " for purposes of Rule 304(a), and thus, a custody order can only be appealed by permission of the appellate court under Supreme Court Rule 306(a)(1). *Leopando*, 96 Ill. 2d at 118, 449 N.E.2d at 140. Matteson relies on *Leopando* for the supreme court's statement that "Rule 304(a) does not present a jurisdictional requirement in the sense that it cannot be waived." *Leopando*, 96 Ill. 2d at 117, 449 N.E.2d at 139. The court made this statement in acknowledgement of the fact that the appellant had not presented to the appellate court the question of whether the trial court erroneously entered a special finding under Rule 304(a). *Leopando*, 96 Ill. 2d at 117, 449 N.E.2d at 139. Nevertheless, the supreme court elected to address the issue.

In *In re Wey*, 827 F.2d 140 (7th Cir. 1987), the Seventh Circuit Court of Appeals relied on *Leopando* in the manner in which Matteson urges upon us. In *Wey*, a judgment was entered in favor of the Bank of Carlock (Carlock) and against Dan Wey. The trial court's order reserved the issue of attorney fees for later determination. Carlock then initiated garnishment proceedings and caused a lien to be attached to funds of Wey's that were in possession of a third party. Neither Wey nor the third party challenged the enforceability of the judgment or the validity of the lien. An involuntary petition in bankruptcy was later filed against Wey, and the trustee in bankruptcy brought suit attacking the lien. The trustee argued that the judgment upon which the garnishment summons and resulting lien were based was not enforceable where the issue of fees was reserved and there was no finding of enforceability under Rule 304(a). The court, however, decided it would "not reach the trustee's argument that the

state court's judgment was unenforceable under Rule 304(a)." *Wey*, 827 F.2d at 142. Instead, the court held that because Wey and the third party did not challenge the enforceability of the judgment, the trustee in bankruptcy could not raise the issue. *Wey*, 827 F.2d at 142. The court explained:

"[E]ven if the trustee could establish that the finality require-ments of Rule 304(a) were not met, Carlock would retain its status as a prior perfected lien creditor. This is true because the require-ments of Rule 304(a) are merely procedural and not jurisdictional; they can be, and in this case, have been waived. The Illinois Supreme Court [in *Leopando*] has stated: 'Rule 304(a) does not present a jurisdictional requirement in the sense that it cannot be waived ***' [citation]. Thus, Wey's waiver of the Rule 304(a) objec-tion to the garnishment summons precludes the trustee from pressing the objection ***." *Wey*, 827 F.2d at 143, quoting *Leopando*, 96 Ill. 2d at 117, 449 N.E.2d at 139.

Matteson urges that, as in *Wey*, Beverly treated the underlying judgment as enforceable and has waived any argument as to the absence of a Rule 304(a) finding. Matteson points out that in January 1995, Beverly complied with the turnover order entered against it in the first proceeding. In February 1995, Beverly executed a satisfac-tion and release of judgment. It was not until August 1995 that the question of the underlying judgment's enforceability was raised.

Cognizant of the manner in which the *Wey* court interpreted *Leopando* under circumstances similar to those at hand, we decline to follow the reasoning in *Wey*. The *Leopando* court did state that "Rule 304(a) does not present a jurisdictional requirement in the sense that it cannot be waived." *Leopando*, 96 Ill. 2d at 117, 449 N.E.2d at 139. Yet, the supreme court went on to review the question presented, even though the parties failed to present it to the appellate court. Unlike the court in *Wey*, we do not feel that *Leopando* precludes us from reaching the merits of Beverly's appeal based on Beverly's initial acquiescence in the supplementary proceedings. "[T]he waiver doctrine is an admonition to the parties and not a limitation upon the power of a reviewing court to address issues of law as the case may require." *Mayfield v. Acme Barrel Co.*, 258 Ill. App. 3d 32, 37, 629 N.E.2d 690, 695 (1994). Here, we agree with Beverly that the trial court did not have before it "a judgment which is subject to enforce-ment," as required by Rule 277(a) (134 Ill. 2d R. 277(a)), and exceeded its scope of authority in enforcing the judgment. Additionally, it was Matteson that failed to request a Rule 304(a) finding prior to com-mencing supplementary proceedings. Thus, where Beverly was not a party to the underlying action, we elect not to hold Beverly account-

able for the series of events set into motion by errors of the trial court and Matteson in enforcing an unenforceable judgment.

Moreover, we decline to follow *Wey* for an additional reason. It is well established that a judgment or order entered by a court that lacks the inherent power to enter the particular order is void and may be attacked at any time and in any court. *Dec v. Manning*, 248 Ill. App. 3d 341, 618 N.E.2d 367 (1993); *In re J.E.*, 228 Ill. App. 3d 315, 591 N.E.2d 933 (1992). In light of our finding that the trial court exceeded its statutory authority in enforcing the December 12, 1994, judgment, it follows that the turnover order and the conditional judgment entered against Beverly are void. Thus, we disagree with Matteson that Beverly should be precluded from questioning the validity of these orders on the basis of waiver. It further follows that the timeliness of Beverly's appeal is not at issue. See *In re J.E.*, 228 Ill. App. 3d at 317, 591 N.E.2d at 935.

Nor are we persuaded by the remainder of Matteson's arguments. Matteson argues that Beverly should be denied relief because of its lack of due diligence under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1994)). This argument stems from the fact that Beverly labelled its motions to vacate the turnover order and to quash the second supplementary proceeding as being brought pursuant to section 2—1401. Yet, paragraph (f) of section 2—1401 explicitly states that "[n]othing contained in this Section affects any existing right to relief from a void order or judgment." 735 ILCS 5/2—1401(f) (West 1994). The substance of Beverly's argument was that the orders entered against it in the supplementary proceedings were void. It has been held that a void judgment may be attacked "without any showing of diligence or meritorious defense." *Dec*, 248 Ill. App. 3d at 347, 618 N.E.2d at 372; see also *People v. Reymar Clinic Pharmacy, Inc.*, 246 Ill. App. 3d 835, 841, 617 N.E.2d 35, 39 (1993). Moreover, "if the movant mislabels his motion attacking the judgment [as a section 2—1401 motion], the courts should be liberal in recognizing the motion as a collateral attack upon a void judgment." *Reymar Clinic Pharmacy*, 246 Ill. App. 3d at 841, 617 N.E.2d at 39. Thus, although Beverly mislabelled its motions, the time constraints and due diligence requirements of section 2—1401 are inapplicable.

We also reject Matteson's argument that Beverly should be denied relief as a proper sanction under section 2—1402 of the Code (735 ILCS 5/2—1402 (West 1994)) for its failure to respond to the second citation to discover assets. Where the underlying judgment against Love Cathedral lacked a finding of enforceability under Rule 304(a) (155 Ill. 2d R. 304(a)), Beverly should not even have been named

a citation respondent. Thus, we refuse to hold, as Matteson urges, that Beverly breached its duty as a citation respondent, where it was Matteson that prematurely commenced supplementary proceedings to enforce an unenforceable judgment.

Finally, Matteson's argument that Beverly lacks standing to collaterally attack the underlying judgment of December 12, 1994, must fail. Beverly does not attack the judgment of December 12, 1994. The judgments that Beverly has attacked are the turnover order and the conditional judgment entered against it. We agree with Beverly that these judgments are void where the underlying judgment of December 12, 1994, was unenforceable. Nevertheless, although it is unenforceable and unappealable absent a special finding under Rule 304(a), the default judgment of December 12, 1994, is still in effect.

Accordingly, for the reasons set forth above, the turnover order and the conditional judgment entered against Beverly by the circuit court of Cook County are hereby set aside and the cause is remanded.

Vacated and remanded.

ZWICK, P.J., and RAKOWSKI, J., concur.