SIXTH DIVISION
 September 06, 1996

 

 






No. 1-95-3784

BANK OF MATTESON, ) APPEAL FROM THE
 ) CIRCUIT COURT OF
 Plaintiff-Appellee, ) COOK COUNTY
 )
 v. )
 )
PATRICE BROWN and RUFUS BROWN, )
d/b/a CWOM Publications, LOVE ) 
CATHEDRAL COMMUNITY CHURCH )
and CLAUDE TIMMONS, )
 )
 Defendants )
 ) HONORABLE
(BEVERLY BANK, ) EDWIN J. RICHARDSON,
 ) JUDGE PRESIDING.
 Citation-Respondent-Appellant). )


 JUSTICE McNAMARA delivered the opinion of the court: 
 
 Plaintiff, Bank of Matteson (Matteson), brought suit against
defendants, Patrice and Rufus Brown, d/b/a CWOM Publications,
Love Cathedral Community Church (Love Cathedral), and Claude
Timmons. Following the entry of a default judgment against all
defendants except Timmons, plaintiff commenced two supplementary
proceedings against citation-respondent, Beverly Bank (Beverly),
with respect to the assets of Love Cathedral. Beverly thereafter
moved to vacate a turnover order entered against it in the first
supplementary proceeding and moved to quash the second
proceeding. Beverly argued that the underlying judgment was
entered against fewer than all defendants and was not enforceable
in the absence of a special finding under Supreme Court Rule
304(a) (155 Ill. 2d R. 304(a)). The trial court denied these
motions. Beverly appeals. 
 Matteson filed its three-count verified complaint on October
5, 1994. Count I alleged the breach of a promissory note by
defendants Patrice and Rufus Brown, d/b/a CWOM Publications. 
Count II alleged that CWOM presented to Matteson a dishonored
negotiable instrument signed by Timmons and drawn on an account
of Love Cathedral. Count III alleged that all defendants were
unjustly enriched as a result of their actions.
 The Browns and Love Cathedral were served with the verified
complaint. As a result of their failure to appear or answer, a
default judgment was entered against them. The trial court's
order, dated December 12, 1994, stated:
 "After hearing the evidence, the court
 finds for plaintiff Bank of Matteson and
 against defendants Patrice Brown, Rufus D.
 Brown, CWOM Publications, and Love Cathedral
 Community Church and assesses damages of
 $5067.88 plus fees of $1,000.
 It is ordered that plaintiff recover
 from defendant [sic] $6,067.88 and costs of
 suit."
Also on December 12, 1994, the trial court appointed a special
process server to serve Timmons. Timmons subsequently filed an
appearance and a motion to dismiss under section 2-615 of the
Code of Civil Procedure (735 ILCS 5/2-615 (West 1992)). (As of
the time the record on appeal was filed, that motion remained
pending in the trial court). 
 On December 14, 1994, Matteson initiated supplementary
proceedings to enforce the default judgment of December 12, 1994. 
Matteson filed a citation to discover assets against Beverly in
connection with the property interests of Love Cathedral. 
Beverly's response indicated that it held the sum of $1,084.84
belonging to Love Cathedral. On January 12, 1995, the trial
court entered a turnover order requiring Beverly to deliver those
funds to Matteson. A satisfaction and release of the judgment
was filed on February 7, 1995.
 In June 1995, Matteson obtained leave of court to issue a
second citation to Beverly with respect to the assets of Love
Cathedral. The citation had a scheduled return date of July 13,
1995. Beverly did not appear on July 13, resulting in the trial
court's entry of a conditional judgment in the amount of
$5,681.26 against Beverly. On July 24, 1995, Beverly was served
with a summons to confirm conditional judgment. Beverly
thereafter filed its appearance and moved to quash the second
citation and the summons to confirm conditional judgment. 
Beverly also moved to vacate the turnover order entered against
it in the first supplementary proceeding. In support of both of
these motions, Beverly argued that the underlying default
judgment against Love Cathedral was not yet enforceable where it
was entered against fewer than all defendants and the order
lacked a finding that there was no just reason for delaying
either enforcement or appeal or both under Supreme Rule 304(a). 
The trial court denied both of these motions on October 18, 1995.
 On appeal, Beverly contends that the trial court erred in
allowing Matteson to enforce the default judgment of December 12,
1994 in the absence of a special finding of enforceability under
Rule 304(a). 
 Section 2-1402 of the Code of Civil Procedure (735 ILCS 5/2-
1402 (West 1994)) provides the method by which a judgment
creditor may begin supplementary proceedings against a third
party who is thought to be in possession of assets belonging to a
judgment debtor. Bank of Aspen v. Fox Cartage, Inc., 126 Ill. 2d
307, 533 N.E.2d 1080 (1989). Supreme Court Rule 277 prescribes
the procedures by which this section is implemented. Bank of
Aspen, 126 Ill. 2d at 313, 533 N.E.2d at 1083. Paragraph (a) of
Rule 277 states that "[a] supplementary proceeding authorized by
section 2-1402 of the Code of Civil Procedure may be commenced at
any time with respect to a judgment which is subject to
enforcement." 134 Ill. 2d R. 277(a). Section 2-1402 proceedings
are unavailable to creditors until after judgment capable of
enforcement has first been entered in their favor. State Bank v.
A Way, Inc., 135 Ill. App. 3d 1010, 482 N.E.2d 620 (1985), aff'd,
115 Ill. 2d 401, 504 N.E.2d 737 (1987). 
 Supreme Court Rule 304 concerns judgments as to fewer than
all parties or claims in an action. Paragraph (a) of Rule 304
mandates that "[i]f multiple parties or multiple claims for
relief are involved in an action, an appeal may be taken from a
final judgment as to one or more but fewer than all of the
parties or claims only if the trial court has made an express
written finding that there is no just reason for delaying either
enforcement or appeal or both." 155 Ill. 2d R. 304(a). Rule
304(a) further states that "[i]n the absence of such a finding,
any judgment that adjudicates fewer than all the claims or the
rights and liabilities of fewer than all the parties is not
enforceable or appealable and is subject to revision at any time
before the entry of a judgment adjudicating all the claims,
rights, and liabilities of all the parties." 155 Ill. 2d R.
304(a). Reviewing courts in Illinois have consistently dismissed
appeals from orders that disposed of fewer than all the parties
or claims yet lacked a finding that there was no just reason to
delay enforcement or appeal. See Ferguson v. Riverside Medical
Center, 111 Ill. 2d 436, 490 N.E.2d 1252 (1985); Pettie v.
Williams Brothers Construction, Inc., 216 Ill. App. 3d 801, 576
N.E.2d 424 (1991); Hamer v. Lentz, 155 Ill. App. 3d 692, 508
N.E.2d 324 (1987). "[T]he absence of a Rule 304 finding in a
judgment--for whatever reason--leaves the judgment final but
unenforceable and unappealable." Hamer, 155 Ill. App. 3d at 695,
508 N.E.2d at 326. 
 What follows from these principles, Beverly argues, is that
the default judgment in the present case was unenforceable. We
find this argument persuasive. Rule 304(a) explicitly states
that in the absence of such a finding by the trial court, a
judgment as to fewer than all parties or claims involved "is not
enforceable." 155 Ill. 2d R. 304(a). Rule 277(a) explicitly
states that a supplementary proceeding may only be commenced with
respect to a "judgment which is subject to enforcement." 134
Ill. 2d R. 277(a). The default judgment here neither resolved
the claims against Timmons nor contained a special finding under
Rule 304(a). Shortly after the entry of the judgment, however,
Matteson commenced supplementary proceedings. As a result,
Beverly was ordered to turn over assets belonging to Love
Cathedral at the same time a motion to dismiss by Timmons, the
pastor of Love Cathedral, was pending. Yet, if the Browns or
Love Cathedral had attempted to appeal the default judgment
entered against them, this court would have been required to
dismiss the appeal on the basis that Matteson's claims against
Timmons remained pending and the trial court's order contained no
Rule 304(a) finding. Under our reading of the relevant
authority, the judgment order was likewise not capable of
enforcement. Accordingly, the default judgment adjudicating
"fewer than all the claims or the rights and liabilities of fewer
than all the parties" without an "express finding that there was
no just reason for delaying either enforcement or appeal or both"
was not one upon which supplementary proceedings should have
commenced. 155 Ill. 2d R. 304(a); see also Cochran v. Howell, 46
Ill. App. 2d 304, 197 N.E.2d 87 (1964)(abstract of opinion).
 Matteson argues, however, that even if the judgment of
December 12, 1994 was unenforceable, the trial court must be
affirmed for several reasons. Matteson argues that Beverly's
appeal as to the turnover order of January 12, 1995 was not
timely; that Beverly waived any argument as to the enforceability
of the December 12, 1994 judgment; that Beverly should be denied
relief because of its lack of due diligence; that Beverly should
be denied relief because it failed to appear or respond to the
second citation; and that Beverly lacks standing to attack the
December 12, 1994 judgment order. 
 Initially, we turn to Matteson's argument that Beverly
waived any argument as to the enforceability of the default
judgment. In making this argument, Matteson relies on In re
Marriage of Leopando, 96 Ill. 2d 114, 449 N.E.2d 137 (1983), and
In re Wey, 827 F.2d 140 (7th Cir. 1987). In Leopando, the issue
before the supreme court was whether a child custody order was
final and appealable under Rule 304(a) where the trial court's
order stated that there was no just reason for delaying
enforcement or appeal of the order. The supreme court held that
a custody dispute in a marriage dissolution proceeding is "not a
separate 'claim'" for purposes of Rule 304(a), and thus, a
custody order can only be appealed by permission of the appellate
court under Supreme Court Rule 306(a)(1). Leopando, 96 Ill. 2d
at 118, 449 N.E.2d at 140. Matteson relies on Leopando for the
supreme court's statement that "Rule 304(a) does not present a
jurisdictional requirement in the sense that it cannot be
waived." Leopando, 96 Ill. 2d at 117, 449 N.E.2d at 139. The
court made this statement in acknowledgement of the fact that the
appellant had not presented to the appellate court the question
of whether the trial court erroneously entered a special finding
under Rule 304(a). Leopando, 96 Ill. 2d at 117, 449 N.E.2d at
139. Nevertheless, the supreme court elected to address the
issue.
 In In re Wey, 827 F.2d 140 (7th Cir. 1987), the Seventh
Circuit Court of Appeals relied on Leopando in the manner in
which Matteson urges upon us. In Wey, a judgment was entered in
favor of the Bank of Carlock (Carlock) and against Dan Wey. The
trial court's order reserved the issue of attorney fees for later
determination. Carlock then initiated garnishment proceedings
and caused a lien to be attached to funds of Wey's that were in
possession of a third party. Neither Wey nor the third party
challenged the enforceability of the judgment or the validity of
the lien. An involuntary petition in bankruptcy was later filed
against Wey, and the trustee in bankruptcy brought suit attacking
the lien. The trustee argued that the judgment upon which the
garnishment summons and resulting lien were based was not
enforceable where the issue of fees was reserved and there was no
finding of enforceability under Rule 304(a). The court, however,
decided it would "not reach the trustee's argument that the state
court's judgment was unenforceable under Rule 304(a)." Wey, 827
F.2d at 142. Instead, the court held that because Wey and the
third party did not challenge the enforceability of the judgment,
the trustee in bankruptcy could not raise the issue. Wey, 827
F.2d at 142. The court explained:
 "[E]ven if the trustee could establish that
 the finality requirements of Rule 304(a) were
 not met, Carlock would retain its status as a
 prior perfected lien creditor. This is true
 because the requirements of Rule 304(a) are
 merely procedural and not jurisdictional;
 they can be, and in this case, have been
 waived. The Illinois Supreme Court [in
 Leopando] has stated: 'Rule 304(a) does not
 present a jurisdictional requirement in the
 sense that it cannot be waived ***'
 [citation]. Thus, Wey's waiver of the Rule
 304(a) objection to the garnishment summons
 precludes the trustee from pressing the
 objection ***." Wey, 827 F.2d at 143,
 quoting Leopando, 96 Ill. 2d at 117, 449
 N.E.2d at 139. 
 Matteson urges that, as in Wey, Beverly treated the
underlying judgment as enforceable and has waived any argument as
to the absence of a Rule 304(a) finding. Matteson points out
that in January 1995, Beverly complied with the turnover order
entered against it in the first proceeding. In February 1995,
Beverly executed a satisfaction and release of judgment. It was
not until August 1995 that the question of the underlying
judgment's enforceability was raised. 
 Cognizant of the manner in which the Wey court interpreted
Leopando under circumstances similar to those at hand, we decline
to follow the reasoning in Wey. The Leopando court did state
that "Rule 304(a) does not present a jurisdictional requirement
in the sense that it cannot be waived." Leopando, 96 Ill. 2d at
117, 449 N.E.2d at 139. Yet, the supreme court went on to review
the question presented, even though the parties failed to present
it to the appellate court. Unlike the court in Wey, we do not
feel that Leopando precludes us from reaching the merits of
Beverly's appeal based on Beverly's initial acquiescence in the
supplementary proceedings. "[T]he waiver doctrine is an
admonition to the parties and not a limitation upon the power of
a reviewing court to address issues of law as the case may
require." Mayfield v. Acme Barrel Co., 258 Ill. App. 3d 32, 37
629 N.E.2d 690, 695 (1994). Here, we agree with Beverly that the
trial court did not have before it "a judgment which is subject
to enforcement" as required by Rule 277(a) (134 Ill. 2d R.
277(a)), and exceeded its scope of authority in enforcing the
judgment. Additionally, it was Matteson that failed to request a
Rule 304(a) finding prior to commencing supplementary
proceedings. Thus, where Beverly was not a party to the
underlying action, we elect not to hold Beverly accountable for
the series of events set into motion by errors of the trial court
and Matteson in enforcing an unenforceable judgment. 
 Moreover, we decline to follow Wey for an additional reason. 
It is well established that a judgment or order entered by a
court that lacks the inherent power to enter the particular order
is void and may be attacked at any time and in any court. Dec v.
Manning, 248 Ill. App. 3d 341, 618 N.E.2d 367 (1993); In re J.E.,
228 Ill. App. 3d 315, 591 N.E.2d 933 (1992). In light of our
finding that the trial court exceeded its statutory authority in
enforcing the December 12, 1994 judgment, it follows that the
turnover order and the conditional judgment entered against
Beverly are void. Thus, we disagree with Matteson that Beverly
should be precluded from questioning the validity of these orders
on the basis of waiver. It further follows that the timeliness
of Beverly's appeal is not at issue. See In re J.E., 228 Ill.
App. 3d at 317, 591 N.E.2d at 935.
 Nor are we persuaded by the remainder of Matteson's
arguments. Matteson argues that Beverly should be denied relief
because of its lack of due diligence under section 2-1401 of the
Code of Civil Procedure (735 ILCS 5/2-1401 (West 1994)). This
argument stems from the fact that Beverly labelled its motions to
vacate the turnover order and to quash the second supplementary
proceeding as being brought pursuant to section 2-1401. Yet, 
paragraph (f) of section 2-1401 explicitly states that "[n]othing
contained in this Section affects any existing right to relief
from a void order or judgment." 735 ILCS 5/2-1401(f) (West
1994). The substance of Beverly's argument was that the orders
entered against it in the supplementary proceedings were void. 
It has been held that a void judgment may be attacked "without
any showing of diligence or meritorious defense." Dec, 248 Ill.
App. 3d at 347, 618 N.E.2d at 372; see also People v. Reymar
Clinic Pharmacy, Inc., 246 Ill. App. 3d 835, 841, 617 N.E.2d 35,
39 (1993). Moreover, "if the movant mislabels his motion
attacking the judgment [as a section 2-1401 motion], the courts
should be liberal in recognizing the motion as a collateral
attack upon a void judgment." Reymar Clinic Pharmacy, 246 Ill.
App. 3d at 841, 617 N.E.2d at 39. Thus, although Beverly
mislabelled its motions, the time constraints and due diligence
requirements of section 2-1401 are inapplicable. 
 We also reject Matteson's argument that Beverly should be
denied relief as a proper sanction under section 2-1402 of the
Code (735 ILCS 2-1402 (West 1994)) for its failure to respond to
the second citation to discover assets. Where the underlying
judgment against Love Cathedral lacked a finding of
enforceability under Rule 304(a) (155 Ill. 2d R. 304(a)), Beverly
should not even have been named a citation-respondent. Thus, we
refuse to hold, as Matteson urges, that Beverly breached its duty
as a citation-respondent, where it was Matteson that prematurely
commenced supplementary proceedings to enforce an unenforceable
judgment. 
 Finally, Matteson's argument that Beverly lacks standing to
collaterally attack the underlying judgment of December 12, 1994
must fail. Beverly does not attack the judgment of December 12,
1994. The judgments that Beverly has attacked are the turnover
order and the conditional judgment entered against it. We agree
with Beverly that these judgments are void where the underlying
judgment of December 12, 1994 was unenforceable. Nevertheless,
although it is unenforceable and unappealable absent a special
finding under Rule 304(a), the default judgment of December 12,
1994 is still in effect.
 Accordingly, for the reasons set forth above, the turnover
order and the conditional judgment entered against Beverly by the
circuit court of Cook County are hereby set aside and the cause
is remanded.
 Vacated and remanded. 
 ZWICK, P.J., and RAKOWSKI, J., concur.