SECOND DIVISION
FILED: June 22, 2010

No. 1-09-1054

| | | |
|---|---|---|
| ANDREW P. TOBIAS, | ) | APPEAL FROM THE |
| | ) | CIRCUIT COURT OF |
| Plaintiff-Appellant, | ) | COOK COUNTY |
| | ) | |
| v. | ) | |
| | ) | |
| LAKE FOREST PARTNERS, LLC, a Nevada | ) | |
| limited liability company, MARK D. | ) | |
| WEISSMAN, ALBERT J. MONTANO, and | ) | |
| CHRISTOPHER T. FRENCH, | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | No. 06 CH 18664 |
| and | ) | |
| | ) | |
| MEA MANAGEMENT, LLC, | ) | |
| | ) | |
| Citation Respondent-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GREYSTONE BUSINESS CREDIT II, LLC, | ) | HONORABLE |
| | ) | ALEXANDER P. WHITE, |
| Intervenor-Appellee. | ) | JUDGE PRESIDING. |

JUSTICE HOFFMAN delivered the opinion of the court:

The circuit court entered an order in these supplemental proceedings directing the citation-respondent, MEA Management, LLC (MEA), to turnover to the plaintiff, Andrew P. Tobias, the sum of $86,845.12 held by it and belonging to one of the defendants, Mark D. Weissman, in satisfaction of the balance owed on a certain judgment entered in favor of Tobias and against Lake Forest

No. 1-09-1054

Partners, LLC, a Nevada limited liability company (Lake Forest); Weissman; Albert J. Montano; and Christopher T. French (collectively referred to as "the defendants"). The circuit court also ordered the balance of Weissman's funds being held by MEA, totaling $252,598.88, to be paid as follows: $126,299.44 to Weissman and the remaining $126,299.44 to the intervenor, Greystone Business Credit II, LLC (Greystone), the holder of a judgement rendered against Weissman, in the United States District Court for the Southern District of Florida. Tobias now appeals contending that his claim for post-judgement attorney fees should have been adjudicated and satisfied before any of the remaining $252,598.88 of Weissman's funds held by MEA was ordered paid to Greystone or Weissman. For the reasons which follow, we affirm the judgement of the circuit court.

The facts leading up to this appeal are not in dispute. Tobias loaned Lake Forest the sum of $500,000, which was personally guaranteed by Weissman, Montano, and French. The transaction was evidenced by a Loan Agreement dated December 5, 2005, that was executed by each of the defendants. In addition to providing for repayment of the loan with interest at the rate of 10% per annum, the Loan Agreement provided, _inter alia_, that Lake Forest "promises to pay all costs of collection in case payment shall not be made at maturity; and further promises, in case suit is instituted to collect the Loan or the Interest, or any portion thereof, to pay such reasonable attorney's fees in such suit."

2

No. 1-09-1054

The defendants failed to pay the loan when due and, as a consequence, a judgment was entered in favor of Tobias and against the defendants on February 27, 2007, in the sum of $656,181.61, which included outstanding principal and interest, and $12,610.61 in attorney fees and costs incurred by Tobias as of that date. The order also provides that judgement was entered against the defendants for "any additional attorneys' fees, costs and interest incurred after the date of this judgment." However, on motion of Tobias, the judgment was amended on April 5, 2007. The circuit court's order of that date entered judgment in favor of Tobias and against the defendants, jointly and severally, in the sum of $662,172.21 plus costs, but no provision was made in the order for any post-judgment attorney fees which Tobias might incur.

On April 13, 2007, Greystone obtained a $4,293,401.30 judgement against Weissman and Lake Forest in the United States District Court for the Southern District of Florida. Thereafter, Greystone registered its judgment in the United States District Court for the Northern District of Illinois and began supplementary proceedings in that court to collect the judgment.

In an effort to locate assets to satisfy his judgment, Tobias served a citation to discover assets upon MEA in the instant case. Thereafter, on September 19, 2007, an appearance was filed on behalf of MEA.

Greystone served a citation to discover assets upon MEA on March 18, 2008, in the supplementary proceeding which it had

3

instituted in the United States District Court for the Northern District of Illinois. However, those proceedings have been stayed pending satisfaction of Tobias' judgment.

On January 7, 2009, MEA filed a response to the citation to discover assets served upon it by Tobias in the instant case, stating that it was in possession of $339,444 belonging to Weissman. As a consequence, Tobias filed a motion on February 4, 2009, seeking an order directing MEA to turnover to him "an amount sufficient to satisfy the judgment and post-judgment attorney fees, said amount to be determined by [the] *** court after hearing."

On February 9, 2009, Greystone filed a petition to intervene in the instant proceedings. Greystone pled the existence of its April 13, 2007, judgment against Weissman and asserted that, as a judgment creditor "with priority after *** [Tobias'] judgment is satisfied in full, [it] *** has a direct legal interest in the funds currently held by MEA."

On March 17, 2009, Weissman filed a motion seeking the release of all sums held by MEA in excess of 15% thereof, alleging that the funds so held consist of wages and, therefore, any funds in excess of 15% may not be used to satisfy Tobias' judgment. See 735 ILCS 5/12-803 (West 2008). On April 2, 2009, MEA filed an amended response to the citation served upon it, stating that the $339,444 of Weissman's funds which it was holding consist of wages, salary, or commissions.

On April 9, 2009, the circuit court granted Greystone's

4

petition to intervene. Thereafter, the proceedings were continued on several occasions to allow the parties to attempt to reach an agreement as to the distribution of Weissman's funds being held by MEA.

On April 23, 2009, Tobias filed a petition for an award of post-judgment attorney fees and costs. On that same day, a hearing was held on Weissman's motion for the release of his funds in MEA's possession. Greystone asserts that the parties agreed that, as of that date, a balance of $86,845.12 was still owed on Tobias' judgment, exclusive of his unresolved claim for post-judgment attorney fees. At oral argument, counsel for Tobias acknowledged that Greystone's assertion in this regard is correct.

Following the April 23, 2009, hearing, the circuit court entered an order directing MEA to pay Tobias $86,845.12 "as full satisfaction" of his judgment and providing that the payment to Tobias shall release the citation which he served upon MEA. The order directs MEA to pay the remaining $252,598.88 of Weissman's funds, which it is holding, as follows: $126,299.44 to Weissman, and $126,299.44 to Greystone. Finally, the order provides that there is no just cause to delay enforcement or appeal and that Tobias' motion for the turn over of funds is moot. Tobias' petition for an award of post-judgment attorney fees and costs remains pending and undetermined.

Tobias filed a timely notice of appeal from the April 23, 2009, order, invoking our jurisdiction pursuant to Supreme Court

Rule 304(a) (210 Ill. 2d R. 304(a)). Although the circuit court's order of April 23, 2009, contains the language of enforceability and appealability prescribed by Supreme Court Rule 304(a), it is also a final order in a supplementary proceeding brought under section 2-1402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1402 (West 2008)) and is, therefore, appealable under Supreme Court Rule 304(b)(4) (210 Ill. 2d R. 304(b)(4)).

In urging reversal, Tobias argues that the circuit court erred in providing that MEA's payment to him of $86,845.12 would act as "full satisfaction" of the balance owed on his judgment against the defendants, as he is still owed sums for post-judgment attorney fees. According to Tobias, his unresolved claim for post-judgment attorney fees should enjoy the same priority on the funds held by MEA as did the balance due him on the underlying judgment. He argues that his petition for post-judgment attorney fees should have been resolved and satisfied before any of Weissman's funds in the possession of MEA was ordered distributed to any other party, including Greystone.

Greystone makes no argument that Tobias is not owed post-judgment attorney fees. Rather, in support of the circuit court's order, it contends that the only predicate of the instant supplementary proceedings instituted by Tobias was the balance of the money judgment entered against the defendants, which the trial court ordered satisfied from Weissman's funds in the possession of MEA. As for Tobias' petition for post-judgment attorney fees,

Greystone argues that, as the claim has never been reduced to a judgment, it cannot be enforced in a supplementary proceeding brought pursuant to section 2-1402 of the Code and never became a lien upon Weissman's funds in MEA's possession. We agree with Greystone's contentions in this regard.

Section 2-1402 of the Code provides a mechanism by which a judgment creditor may initiate supplementary proceedings to discover assets of a judgment debtor in the possession of a third party and apply those assets to satisfy the judgment. 735 ILCS 5/2-1402 (West 2008). When a citation to discover assets is served in accordance with section 2-1402(a) of the Code, the judgment "or the balance due" thereon becomes a lien upon the nonexempt personal property of the judgment debtor in the possession of the third party upon whom a citation to discover assets has been served. 735 ILCS 5/2-1402(m) (West 2008); Bloink v. Olson, 265 Ill. App. 3d 711, 716-17, 638 N.E.2d 406 (1994).

Supreme Court Rule 277 (134 Ill. 2d R. 277) prescribes the procedure for the implementation of the supplementary proceedings provided for in section 2-1402. Bank of Aspen v. Fox Cartage, Inc., 126 Ill. 2d 307, 313, 533 N.E.2d 1080 (1989). Paragraph (a) of Supreme Court Rule 277 states that "[a] supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure may be commenced at any time with respect to a judgment which is subject to enforcement." 134 Ill. 2d R. 277(a). Consequently, section 2-1402 supplementary proceedings are not available to a creditor

7

until after an enforceable judgment has been entered. Bank of Matteson v. Brown, 283 Ill. App. 3d 599, 602, 669 N.E.2d 1351 (1996).

Nevertheless, Tobias argues that his claim for post-judgment attorney fees, although unresolved, is entitled to the same lien priority on Weissman's funds in MEA's possession as the lien for the balance due on his underlying money judgment, no matter when those post-judgment fees are awarded. He makes the argument based upon the assertion that his claim for post-judgment attorney fees, arising from the terms of the Loan Agreement, is ancillary to the claim which formed the basis of his money judgment against the defendants. We reject the argument.

As stated earlier, the means by which a lien is perfected upon the personal property of a judgment debtor in possession of a third party is the service of a citation to discover assets in accordance with section 2-1402(a) of the Code. 735 ILCS 5/2-1402(m). However, since the supplementary proceedings authorized by section 2-1402 may only be commenced with respect to a judgment which is subject to enforcement (134 Ill. 2d R. 277(a); Ericksen v. Rush-Presbyterian St. Luke's Medical Center, 289 Ill. App. 3d 159, 166, 682 N.E.2d 79 (1997)), it follows that no claim can achieve lien status by reason of the service of a citation to discover assets until that claim has first been reduced to an enforceable judgment.

Commencing with service of a citation to discover assets upon MEA and thereafter throughout the remainder of the supplementary

8

proceedings which are the subject of this appeal, the only judgment held by Tobias against Weissman which was subject to enforcement was the judgment against the defendants entered on February 27, 2007, as amended by the order of April 5, 2007. Tobias never had an enforceable judgment for attorney fees incurred in the collection of his underlying judgment. As a consequence, the only lien upon Weissman's nonexempt funds in the possession of MEA which was created by the service of the citation to discover assets was a lien for the "balance due" on that underlying judgment. 735 ILCS 5/2-1402(m) (West 2008); 134 Ill. 2d R. 277(a). No lien rights were created for the enforcement of any unresolved claim for post-judgment attorney fees.

Any claim which Tobias may have for post-judgment attorney fees incurred in the collection of his underlying judgment can only become a lien upon the personal property of any of the judgment debtors in the possession of a third party after that claim has been reduced to an enforceable judgment and a citation to discover assets has been served in accordance with section 2-1402 of the Code. Further, if such a claim is ever reduced to an enforceable judgment which later becomes a lien upon the property of a judgment debtor in the possession of a third party, the priority of such a lien in relation to other liens against the property of the judgment debtor in the possession of the same third party will be determined by the order in which the liens were perfected. Pontikes v. Perazic, 295 Ill. App. 3d 478, 484-85, 692 N.E.2d 712

9

No. 1-09-1054

(1998).

Finally, Tobias argues that the circuit court erred when it proceed to hearing on Weissman's motion to release the funds held by MEA before it addressed his petition for post-judgment fees. Again, we disagree.

Our reading of the record reflects that the hearing on Weissman's motion on April 23, 2009, took place on the trial court's 11:15 a.m. set call. The clerk's filing stamp on Tobias' petition for post-judgment attorney fees reflects that it was filed at 1:35 p.m. on April 23, 2009. Further, the record contains no evidence that Tobias' petition was noticed for hearing before the circuit court had heard and disposed of Weissman's motion.

The parties are in agreement that the balance due on Tobias' underlying judgment against the defendants as of April 23, 2009, was $86,845.12. Therefore, based upon the foregoing analysis, we conclude that the circuit court properly ordered MEA to pay Tobias $86,845.12 "in full settlement" of his underlying judgment and did not err in providing that MEA's payment to Tobias shall release the citation served upon it. Further, we find no basis for reversal by reason of the trial court having ordered the balance of the funds being held by MEA be distributed to Weissman and Greystone as Tobias had no lien rights in those funds.

Affirmed.

THEIS and KARNEZIS, JJ., concur.

10