2025 IL App (1st) 241001-U
Order filed: May 22, 2025

FIRST DISTRICT
FOURTH DIVISION

No. 1-24-1001

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ROBERT SOBIERALSKI, ROBERT BALDWIN, and JOSEPH LUNA, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | No. 17 L 3958 |
| PAUL CANNELLA, O-SPOT, INC., an Illinois Corporation, PDC3, INC., an Illinois Corporation, CORNELIA'S, INC., an Illinois Corporation, PRECISION RISK MANAGEMENT, INC., a California Corporation, and CENTURY-NATIONAL INSURANCE COMPANY, a California Corporation, | ) ) ) ) ) ) ) ) ) | Honorable John J. Curry, Jr., Judge, presiding. |
| Defendants | ) ) | |
| (Scarlet Honolulu, Inc. | ) ) | |
| Appellant | ) ) | |
| and | ) ) | |
| Paul Cannella, | ) ) | |
| Defendant-Appellee). | ) | |

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Lyle concurred in the judgment.

**ORDER**

No. 1-24-1001

¶ 1    *Held*:  Motion to dismiss a portion of this appeal for lack of jurisdiction is granted; as to the merits of the remaining portion of this appeal, we find that appellant's motion to enforce a settlement agreement was properly denied as being barred by *res judicata*.

¶ 2    Plaintiff-appellants, Robert Sobieralski, Robert Baldwin, and Joseph Luna (collectively, the named plaintiffs), along with appellant, Scarlet Honolulu, Inc. (Scarlet Honolulu), appeal from several orders entered by the circuit court with respect to their separate motions to enforce the terms of a settlement agreement. In addition to disputing the substantive merits of this appeal, defendant-appellee, Paul Cannella, has also filed a motion to dismiss the appeal as to two of the orders appealed for lack of appellate jurisdiction, a motion that this court ordered to be taken with the case. For the following reasons, we grant the motion to dismiss, dismiss a portion of this appeal, and otherwise affirm the judgment of the circuit court.

¶ 3    The named plaintiffs filed their initial complaint on April 20, 2017. The operative third amended complaint was filed on February 2, 2018. Therein, it was alleged that the named plaintiffs reside in Honolulu, Hawaii. Cannella resides in Chicago, Illinois, and operates the named defendant businesses O-Spot, Inc., an Illinois corporation, d/b/a "Scarlet Bar," PDC3, Inc., an Illinois corporation, and Cornelia's, Inc., an Illinois corporation.

¶ 4    In the amended complaint, Baldwin and Luna, former employees of Scarlet Bar, alleged various claims arising out of their employment against defendants. Sobieralski, who had made loans to the defendants, sought recovery against defendants for breach of contract. Certain declaratory relief was also sought against the insurance company defendants, Precision Risk Management, Inc., a California corporation, and Century-National Insurance Company, a California corporation.

- 2 -

¶ 5 On August 14, 2018, the parties entered into a settlement agreement (agreement) with respect to these claims. In addition to the named parties, that agreement also included Scarlet Honolulu, a Hawaii corporation partially owned by Baldwin and Luna. The agreement was signed by all named plaintiffs, as well as Cannella on behalf of himself and O-Spot, Inc., PDC3, Inc., and Cornelia's, Inc. The agreement was also signed by Luna on behalf of Scarlet Honolulu.

¶ 6 The agreement included several provisions relevant to this appeal, including a confidentiality clause, a non-disparagement clause, a clause providing for $50,000 in liquidated damages in the event of a breach of the non-disparagement clause, and an enforcement and attorneys' fees clause providing for the award of costs and attorney fees to the prevailing party in any action filed to enforce the agreement. In two orders entered on August 20, 2018, this lawsuit was dismissed with prejudice pursuant to the agreement and the insurance defendants were dismissed from the case entirely, with the circuit court retaining jurisdiction to effectuate the agreement, including enforcement. In one of those two orders, the circuit court made a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal.

¶ 7 Thereafter, on September 29, 2021, Cannella filed a separate complaint in the circuit court for declaratory judgment ("the Chancery Action") against the named plaintiffs and Scarlet Honolulu, alleging breaches of the confidentiality and non-disparagement clauses of the agreement. On November 9, 2021, the named plaintiffs filed a motion in this action to enforce the agreement, in which they alleged seven breaches of the non-disparagement clause by Cannella. Around that same time, the named plaintiffs moved to dismiss the Chancery Action. On December 23, 2021, Cannella moved to consolidate the Chancery Action with this matter. On January 18, 2022, the circuit court denied the motion to consolidate the two cases. On December 6, 2022, the

Chancery Action was dismissed. On December 20, 2022, Cannella filed his own motion to enforce the agreement against the named plaintiffs in this matter, raising the same claims as he had asserted in the Chancery Action.

¶ 8    On January 9, 2023, the named plaintiffs filed a renewed motion to enforce the agreement, alleging the same breaches of the agreement as before. On May 26, 2023, Cannella filed an amended motion to enforce the agreement, which included a request for declaratory relief releasing him from his obligations under the agreement considering the named plaintiffs' purported breaches. On June 12, 2023, and July 14, 2023, after the parties had filed briefs on the motions, the circuit court conducted an evidentiary hearing on the cross-motions to enforce the agreement.

¶ 9    On July 14, 2023, the circuit court issued an oral order disposing of the parties' cross-motions to enforce. Regarding the named plaintiffs' claims, the court found that Cannella committed a single violation of the non-disparagement clause. However, it denied relief for the remaining alleged breaches asserted by the named plaintiffs. The court awarded "Plaintiffs" $50,000 for Cannella's violation, even though the named plaintiffs contended that they were entitled to an award of $150,000, representing liquidated damages for each of the three named plaintiffs. Regarding Cannella's claims, the court found two violations of the non-disparagement clause were committed, one each by Baldwin and Sobieralski, and thus awarded Cannella $50,000 against Baldwin and $50,000 against Sobieralski. Lastly, the circuit court declined to enter declaratory relief releasing Cannella from his obligations under the agreement and found that there was no prevailing party entitled to an award of attorneys' fees under the agreement. A written order reflecting these rulings was entered on July 17, 2023. On August 2, 2023, Cannella filed and issued several third-party citations to discover assets to collect on the judgments entered in his favor and against Baldwin and Sobieralski, thus initiating a supplementary proceedings pursuant

to section 2-1402 of the Code of Civil Procedure. 735 ILCS 5/2-1402 (West 2022); see also, Ill. S. Ct. R. 277 (eff. Oct. 1, 2021).

¶ 10    On August 4, 2023, the named plaintiffs filed a motion to reconsider and/or clarify the circuit court's order and subsequently filed a supporting memorandum. In these filings, the named plaintiffs requested an additional $100,000 because Cannella purportedly violated the non-disparagement clause as to both Scarlet Honolulu (as a signatory to the agreement) and Sobieralski. The named plaintiffs also requested an additional $50,000 each for Baldwin and Luna and asked the court to vacate the $50,000 award entered against Baldwin. On August 31, 2023, the circuit court entered an order entering and continuing the previously filed third-party citations to discover assets, pending a ruling on the motion to reconsider.

¶ 11    On September 13, 2023, the court heard oral argument on the motion to reconsider. At the hearing, Cannella's counsel explained that the named plaintiffs had failed to present any evidence at the evidentiary hearing of ownership in Scarlet Honolulu to support a judgment based on disparagement of Scarlet Honolulu. At the conclusion of the hearing, the circuit court ruled that Scarlet Honolulu was not a party to the named plaintiff's motion to enforce and therefore denied the motion with respect to that claim. It also specifically ruled that Cannella disparaged only Sobieralski and stated that it would allow the motion to reconsider to the extent that it would amend the July 17, 2023, order to award $50,000 only to Sobieralski, but that it would not grant leave "to award anything additional to Mr. Luna and Mr. Baldwin." The circuit court presented the named plaintiffs with two options: (1) "amend the judgment so that Mr. Sobieralski was the sole recipient of the $50,000," or (2) "let the matter stand so that the three [Plaintiffs] divide, according to their agreement, the $50,000 award, that's up to you."

¶ 12    A written order reflecting these rulings was entered on the same day, in which the circuit court ruled that: (1) its written order of July 17, 2023, was amended to read that "judgment is entered in favor of Plaintiff Robert Sobieralski in the amount of $50,000 against Defendant Paul Cannella," and (2) the "Motion is denied in all other respects for the reasons stated on the record." No Rule 304(a) finding was requested or made with respect to this order.

¶ 13    On September 20, 2023, the matter came before the court on the citations to discover assets. The circuit court entered an order finding that the "Third-Party Citations are hereby dismissed."

¶ 14    On October 23, 2023, and relying on the circuit court's earlier denial of relief to it as it was not a party to the named plaintiffs' motion to enforce, Scarlet Honolulu filed its own motion to enforce the agreement based on Cannella's violation of the non-disparagement clause and requested a damages award of $50,000.

¶ 15    On November 21, 2023, Cannella responded to the new motion to enforce the agreement by arguing that *res judicata* barred Scarlet Honolulu from seeking relief because it was in privity with Baldwin and Luna, and that the issues raised by Scarlet Honolulu were resolved in the motion to enforce previously brought by the named plaintiffs. On December 18, 2023, the court denied Scarlet Honolulu's motion to enforce the agreement, ruling that it was barred by *res judicata*. On December 26, 2023, Cannella petitioned for attorneys' fees under the agreement. On January 8, 2024, the circuit court found that Cannella was the prevailing party in Scarlet Honolulu's motion to enforce and awarded him attorney's fees.

¶ 16    On January 17, 2024, Scarlet Honolulu filed a motion to reconsider the orders denying its motion to enforce the agreement and awarding Cannella attorney's fees. On April 4, 2024, the circuit court denied Scarlet Honolulu's motion to reconsider. On April 26, 2024, Scarlet Honolulu moved for a Rule 304(a) finding with respect to the order entered on September 13, 2023,

modifying the judgment based on Plaintiffs' motion to reconsider, and the order entered on April 4, 2024, denying Scarlet Honolulu's motion to reconsider. On May 29, 2024, the circuit court denied the motion for a finding pursuant to Rule 304(a), stating in open court: "I'm persuaded that my 2023 orders were final. A motion to reconsider was filed with respect to that and was denied. Therefore, there is no need for me to add some additional 304 language as to that, and the motion will be denied."

¶ 17    In the meantime, on May 3, 2024, the named plaintiffs filed a notice of appeal from the orders entered on July 17, 2023, September 13, 2023, December 18, 2023, January 8, 2024, and April 4, 2024. On May 14, 2024, this court granted leave to file an amended notice of appeal, and on the same day an amended notice of appeal from those same orders was filed adding Scarlet Honolulu as an appellant.

¶ 18    On July 10, 2024, Cannella filed a motion to dismiss the appeal for lack of appellate jurisdiction as to the orders entered on July 17, 2023, and September 13, 2023. In an order entered on July 18, 2024, this court entered an order taking this motion with the case.

¶ 19    We must first address the issue of our jurisdiction over this appeal, due both to our own duty to *sua sponte* determine whether this court has jurisdiction to decide the issues presented (*Cangemi v. Advocate South Suburban Hospital*, 364 Ill. App. 3d 446, 453 (2006)) and due to Cannella's motion to dismiss that portion of this appeal challenging the orders entered on July 17, 2023, and September 13, 2023, which was taken with the case.

¶ 20    Except as specifically provided by Illinois Supreme Court Rules, this court only has jurisdiction to review final judgments, orders, or decrees. Ill. S. Ct. R. 301 (eff. Feb.1, 1994), *et seq.*; *Almgren v. Rush–Presbyterian–St. Luke's Medical Center*, 162 Ill. 2d 205, 210 (1994). "A judgment or order is 'final' if it disposes of the rights of the parties, either on the entire case or on

some definite and separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). Thus, a judgment is not final or immediately appealable unless it "fixes absolutely and finally the rights of the parties" so that "the only thing remaining is to proceed with execution of the judgment." *In re Guzik*, 249 Ill. App. 3d 95, 98 (1993) (citing *Flores v. Dugan*, 91 Ill. 2d 108, 113 (1982)). However, if such an order leaves matters for future determination that are "merely incidental" to the rights and obligations that have been determined, the order is still final and appealable despite the reservation to rule on incidental matters later. *In re T.M.*, 302 Ill. App. 3d 33, 37 (1998). To timely appeal such a final judgment, a "notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 21    However, a final judgment or order is not necessarily immediately appealable. Supreme Court Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both. *** In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." Ill. S. Ct. 304(a) (eff. Mar. 8, 2016).

¶ 22    In his motion to dismiss, Cannella asserts that this court lacks jurisdiction to review the order entered July 17, 2023, resolving the parties' cross-motions to enforce the agreement, and the order entered September 13, 2023, resolving the named plaintiffs' motion to reconsider and/or clarify that order. Cannella asserts that the latter order represented a final, appealable order and the notice of appeal filed on May 4, 2024, was not timely filed within 30 days thereof. In response, the named plaintiffs contend that for various reasons neither of these orders were final and appealable because neither resolved all the then pending claims of all the parties, and that a final appealable order was not entered until the April 4, 2024, order denying Scarlet Honolulu's motion to reconsider the prior December 18, 2023, order resolving its own, separate motion to enforce the agreement. The named plaintiffs contend that all the orders appealed to this court, including the final, but not yet appealable orders entered on July 17, 2023, and September 13, 2023, were then properly included in the timely notice of appeal filed on May 4, 2024. See, *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 66 ("a party can appeal an otherwise nonappealable order at the time of the entry of a final order, as all prior rulings would be final and appealable at that point as well").

¶ 23    While neither the named plaintiffs nor Cannella completely or accurately detail the nature and scope of our jurisdiction in their briefs to this court, we nevertheless find that we do not have jurisdiction over the orders entered on July 17, 2023, and September 13, 2023, and we therefore grant Cannella's motion to dismiss that portion of this appeal challenging those two orders.

¶ 24    To begin with, the July 17, 2023, order resolving the named plaintiffs' and Cannella's cross-motions to enforce the agreement was itself a final and appealable order at the time it was ordered, as that order resolved all the matters then pending before the circuit court as to all the parties. Even the named plaintiffs concede as much in their written response to Cannella's motion to dismiss.

¶ 25     However, the named plaintiffs then timely and properly filed a postjudgment motion to reconsider and/or clarify that order within 30 days, on August 4, 2023. As such, the circuit court retained jurisdiction to consider that motion, resulting in the entry of the September 13, 2023, order resolving that postjudgment motion. Without any other pending issues or parties before the circuit court at that time, this order therefore represented a final order disposing of the rights of all the parties on the entire case. *Dubina*, 178 Ill. 2d at 502. As such, any of the parties had 30 days from that date to file a notice of appeal under Rule 303(a)(1). No such notice of appeal was filed within that timeframe.

¶ 26     In reaching this conclusion, we reject the named plaintiffs' contention that the September 13, 2023, order was not final and appealable because it did not resolve "the claims for declaratory relief brought in the pleadings" or the purportedly still pending claims of Baldwin and Luna. As an initial matter, we reject the named plaintiffs' contention that this order left pending any claims for declaratory relief. Claims for declaratory relief were included in the third amended complaint filed by the named plaintiffs, but all those claims were fully resolved by the agreement and the dismissal orders entered in August 2018. And the declaratory relief requested by Canella in his motion to enforce the agreement was specifically denied by the circuit court in its July 17, 2023, order, and no party thereafter challenged that decision.

¶ 27     Secondly, any assertion that Balwin or Luna had any pending claims after the July 17, 2023, order was entered is also belied by the record. Those claims were included in the named plaintiffs' amended motion to enforce, and the report of proceedings for the evidentiary hearing on the cross-motions clearly indicates that—other than the single claim discussed above—the circuit court found "for the defendant on all other allegations." This finding was reflected in the order entered on July 17, 2023, which did not award Baldwin or Luna any relief. Then at the

hearing on the named plaintiffs' motion to reconsider and/or clarify, which notably requested an additional $50,000 to be awarded to both Baldwin and Luna, the circuit court specifically stated that "there will be no leave granted to award anything additional to Mr. Luna or Mr. Baldwin." The September 23, 2023, written order entered by the circuit court following this hearing, notably drafted by counsel for the named plaintiffs, excludes any relief to Luna or Baldwin and specifically states that the "Motion is denied in all other respects for the reasons stated on the record." On this record, the September 23, 2023, order represented a final order disposing of the rights of all the parties on the entire case.

¶ 28    It is true that there was in fact one other matter pending before the circuit court at the time the September 13, 2023, order was entered. As noted above, on August 2, 2023, Cannella filed and issued several third-party citations to discover assets, and on August 31, 2023, the circuit court issued an order entering and continuing those previously filed third-party citations to discover assets, pending a ruling on the named plaintiffs' motion to reconsider. These citations were still pending when the September 13, 2023, order was entered and were not dismissed until September 20, 2023.

¶ 29    However, these citations were filed and issued pursuant to section 2-1402 of the Code, which provides that a "citation proceeding shall be commenced by the service of a citation issued by the clerk." 735 ILCS 5/2-1402(a) (West 2022). While such citation proceedings "against the judgment debtor may be commenced in the court in which the judgment was entered," they are a "supplementary proceeding authorized by section 2-1402 of the Code of Civil Procedure [that] may be commenced at any time with respect to a judgment which is *subject to enforcement*." (Emphasis added.) (Ill. S. Ct. R. 277(a), (d) (eff. Oct. 1, 2021). Importantly therefore, "section 2–1402 supplementary proceedings are not available to a creditor until after an enforceable judgment

has been entered." *Tobias v. Lake Forest Partners, LLC*, 402 Ill. App. 3d 484, 488 (2010). Supplementary citation proceedings continue "until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner." Ill. S. Ct. R. 277(f) (eff. Oct. 1, 2021).

¶ 30    As such, the fact that separate, supplementary citation proceedings were pending at the time the September 13, 2023, order was entered does not in any way affect the final, enforceable and appealable nature of that order. Other than the citation proceedings, no other matter was pending before the circuit court when that order was entered. And, indeed, the citation proceedings themselves were dismissed on September 20, 2023.

¶ 31    No timely notice of appeal was filed within 30 days of the final order of September 13, 2023, where that order was not appealed until May 3, 2024. "A notice of appeal filed more than 30 days after a final, appealable order, or order disposing of a posttrial motion, does not invoke this court's jurisdiction to consider the appeal." *JP Morgan Chase Bank, N.A. v. Bank of America, N.A.*, 2015 IL App (1st) 140428, ¶ 27. We therefore grant Cannella's motion to dismiss this appeal in part, as we do not have jurisdiction to review the orders entered on July 17, 2023, and September 13, 2023.

¶ 32    We turn to the merits of Scarlett Honolulu's appeal from the orders entered on December 18, 2023, January 8, 2024, and April 4, 2024. No party challenges our jurisdiction to review these orders, and we find that we do indeed have jurisdiction as the May 3, 2024, notice of appeal was timely filed and then timely amended to include Scarlett Honolulu as an appellant.

¶ 33    Scarlet Honolulu first argues that that the equitable doctrine of judicial estoppel should have barred Cannella from asserting the claim of *res judicata* below and on appeal, while Cannella contends that Scarlett Honolulu has "waived" this argument by failing to timely raise this issue below. We need not resolve this question, as regardless we reject the invocation of the doctrine of judicial estoppel.

¶ 34    The doctrine of judicial estoppel "promote[s] the truth and * * * protect[s] the integrity of the court system by preventing litigants from deliberately shifting positions to suit the exigencies of the moment." *Bidani v. Lewis*, 285 Ill. App. 3d 545, 550 (1996). Our supreme court has "identified five prerequisites as 'generally required' before a court may invoke the doctrine of judicial estoppel. The party to be estopped must have (1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or quasi-judicial administrative proceedings, (4) intending for the trier of fact to accept the truth of the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from it." *Seymour v. Collins*, 2015 IL 118432, ¶ 37. "Judicial estoppel must be proved by clear and convincing evidence." *Id*. ¶ 39.

¶ 35    Scarlett Honolulu contends that "[a]ll the elements of judicial estoppel are satisfied" and therefore "the Circuit Court should have barred Cannella from arguing in response to Scarlet Honolulu's motion to enforce, that Baldwin and Luna were controlling shareholders in Scarlet Honolulu, because that argument was the opposite of Cannella's argument that he successfully employed to defeat Baldwin and Luna's ability to recover for Cannella's disparagement of Scarlet Honolulu in Plaintiffs Baldwin, Sobieralski and Luna's motion to enforce, namely that Baldwin and Luna held no ownership interest in Scarlet Honolulu." To begin with, this contention essentially attempts to apply the doctrine of judicial estoppel to purportedly inconsistent *legal* arguments as to the nature of Baldwin and Luna's ownership interest in Scarlet Honolulu, and

judicial estoppel "applies to statements of fact and not to legal opinions or conclusions." *Maniez v. Citibank, F.S.B.*, 404 Ill. App. 3d 941, 949 (2010).

¶ 36    Moreover, even if viewed as a contention that Cannella made inconsistent factual statements as to Baldwin and Luna's ownership interest in Scarlet Honolulu, we agree with Cannella that the record does not support any such inconsistency. Rather, as Cannella properly asserted in his brief on appeal:

> "In the hearing on Plaintiffs' Motion to Reconsider in the original action, counsel for Cannella never denied that Baldwin and Luna owned an interest in Scarlett Honolulu, but rather clearly argued that the record lacked sufficient evidence to establish Baldwin and Luna's ownership interests in Scarlet Honolulu, and that Plaintiffs' failed to satisfy their burden of proof. Cannella never took the position in the hearing that Baldwin and Luna had no ownership interest, because the issue of ownership was never raised by Plaintiffs.
>
> Conversely, in arguing *res judicata* in response to Scarlet Honolulu's Motion to Enforce, Cannella could and did acknowledge that Baldwin and Luna held ownership interests in Scarlet Honolulu. Because Cannella had not taken a position in the Evidentiary Hearing with respect to Baldwin and Luna's ownership, Cannella was not judicially estopped from arguing that Baldwin and Luna were owners of Scarlet Honolulu who handle the litigation for Scarlet Honolulu." (Citations omitted.)

¶ 37    The record supports this rendition of the arguments raised below, and as such we find that Scarlet Honolulu has failed to establish by clear and convincing evidence that the equitable doctrine of judicial estoppel should have barred Cannella from asserting the claim of *res judicata* below and on appeal. We therefore now turn to the merits of the circuit court's determination that *res judicata* should apply here.

¶ 38    The doctrine of *res judicata* prevents the multiplicity of lawsuits between the same parties involving the same facts. *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 22. The bar extends to what was actually decided in the first lawsuit, as well as those matters that could have been decided in that suit. *Rein v. David A. Noyes & Co*., 172 Ill. 2d 325, 334 (1996); *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). For *res judicata* to apply, three requirements must be satisfied: (1) a final judgment on the merits has been rendered by a court of competent jurisdiction; (2) an identity of cause of action exists; and (3) the parties or their privies are identical in both actions. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008). The burden of establishing *res judicata* is upon the party invoking it. *Torcasso v. Standard Outdoor Sales, Inc.,* 157 Ill. 2d 484, 491 (1993). Whether a claim is barred under the doctrine of *res judicata* is a question of law, which we review *de novo*. *Arvia v. Madigan*, 209 Ill. 2d 520, 526 (2004).

¶ 39    Only the third element is disputed by the parties on appeal. Illinois courts recognize that privity exists between the party to the prior suit and a nonparty when the party to the prior suit adequately represented the same legal interests of the nonparty. *Agolf, LLC v. Village of Arlington Heights*, 409 Ill. App. 3d 211, 220 (2011). Resolution of the issue of privity here is guided by the Restatement (Second) of Judgments § 59 (1982). That section generally provides that "a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, stockholder, or member of a non-stock corporation, nor does a judgment in an action involving a party who is an officer, director, stockholder, or member of a non-stock corporation have preclusive effects on the corporation itself." *Id*.

¶ 40    However, that section also contains several exceptions, one of which is directly applicable to this case. Specifically, the Restatement provides that "[i]f the corporation is closely held, in that one or a few persons hold substantially the entire ownership in it, the judgment in an action by or

against the corporation or the holder of ownership in it is conclusive upon the other of them as to issues determined therein as follows: *** [t]he judgment in an action by or against the holder of ownership in the corporation is conclusive upon the corporation except when relitigation of the issue is justified in order to protect the interest of another owner or a creditor of the corporation." Restatement (Second) of Judgments § 59(3) (1982). Comment e explaining this exception provides that:

> "When the corporation is closely held, however, interests of the corporation's management and stockholders and the corporation itself generally fully coincide. *** In many respects, the enterprise is a proprietorship or partnership conducted in corporate form. *** For the purpose of affording opportunity for a day in court on issues contested in litigation, however, there is no good reason why a closely held corporation and its owners should be ordinarily regarded as legally distinct. On the contrary, it may be presumed that their interests coincide and that one opportunity to litigate issues that concern them in common should sufficiently protect both." *Id.*, comment e.

¶ 41    Here, Scarlett Honolulu concedes the relevance of this exception but contends that it should not apply here where it is undisputed that while Scarlett Honolulu is a closely held corporation, it is also undisputed that Baldwin and Luna are minority, not majority, shareholders of Scarlet Honolulu. However, as Cannella correctly notes, no such limitation is contained in either the text of the exception or in the comment to that exception. The exception clearly applies to "the holder of ownership," and not only to "majority" holders of ownership. We further note that Luna was both an officer and shareholder of Scarlet Honolulu, and Baldwin is both a shareholder and employee who handles legal matters for Scarlet Honolulu. Moreover, Luna was the party that executed the 2018 agreement on behalf of Scarlet Honolulu. Because there is no assertion that

relitigation is justified in order to protect the interest of another owner or a creditor of the Scarlett Honolulu, the exception is satisfied and *res judicata* was properly applied by the circuit court.

¶ 42   In reaching this conclusion, we reject Scarlett Honolulu's contention that Illinois caselaw is to the contrary. For example, Scarlett Honolulu cites to *Cohen v. Schlossberg*, 17 Ill. App. 2d 320, 329 (1958), in which the court stated that: "Where, as in the instant case, a closely held corporation is a party to litigation, those stockholders who are in complete control of the corporation are, in effect, in complete control of the litigation, and where, as here, no one other than the parties to the suit have an interest in the subject matter, they are bound by the decision." However, that decision did not *require* that the stockholders be "in complete control of the corporation" for this rule to apply, that was simply the factual situation at play in that case. Indeed, in *none* of the cases cited by Scarlett Honolulu on appeal did the court apply a rule *requiring* majority ownership of a closely held corporation for *res judicata* to apply.

¶ 43   Again, the general rule in Illinois is that privity exists between the party to the prior suit and a nonparty when the party to the prior suit adequately represented the same legal interests of the nonparty. *Agolf, LLC*, 409 Ill. App. 3d at 220. We find that the circuit properly applied this rule here, and we therefore reject Scarlett Honolulu's arguments to the contrary on appeal and affirm the orders entered on: (1) December 18, 2023, which denied Scarlet Honolulu's motion to enforce the agreement, (2) January 8, 2024, which found Cannella to be the prevailing party in Scarlet Honolulu's motion to enforce and awarded him attorney's fees, and (3) April 4, 2024, denying Scarlet Honolulu's motion to reconsider.

¶ 44   For the foregoing reasons, we dismiss this appeal in part and otherwise affirm the judgment of the circuit court.

¶ 45   Appeal dismissed in part; affirmed.